(June 17, 1899.)

## STATE v. BEARD.

[57 Pac. 867.]

RAPE—ASSAULT—VERDICT—EVIDENCE OF INTENT.—A verdict of guilty on the charge of assault with intent to commit rape will not be disturbed where the evidence shows an assault, and the question of intent is fairly submitted to the jury, although the evidence bearing upon the question of intent may be slight.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn and Allen Miller, for Appellant.

The evidence is wholly insufficient to sustain the verdict. (*Bozeman v. State,* 34 Tex. Cr. Rep. 503, 31 S. W. 389; *State v. Biggs,* 92 Iowa, 125, 61 N. W. 417; *People v. Brown* 47 Cal. 447; *Blannett v. State,* 8 Ohio Cir. Ct. Rep. 322; *People v. Fleming,* 94 Cal. 308, 29 Pac. 647; *Stienkie v. State* 33 Tex. Cr. Rep. 65, 24 S. W. 909, 25 S. W. 287; *Fields. v. State* (Tex.), 24 S. W. 907; *Toulet v. State,* 100 Ala. 72, 14 South. 403; *Skinner v. State,* 28 Neb. 814, 45 N. W. 53; *Commonwealth v. Merrill,* 14 Gray, 415, 77 Am. Dec. 336; 5 Criminal Defenses, 887; *People v. Royal,* 53 Cal. 62.)

Samuel H. Hays, Attorney General, for the State.

No brief filed.

QUARLES, J.—The defendant was convicted of the crime of assault with intent to commit rape, moved for a new trial, which was denied, and appealed from the order denying him a new trial, and from the judgment of conviction.

The first error assigned by the appellant relates to the action of the court in overruling defendant's demurrer to the information. After charging defendant with the crime of "assault with intent to commit rape," the offense is charged in the information in the following words, to wit: "The said Daniel Beard on or about the fifteenth day of January, 1899, at the county of Bear Lake and state of Idaho, and prior to the filing, of this

information, in and upon one Mary E. Lindsay, a female child under the age of eighteen years, not the wife of the said Daniel Beard, an assault did make, and her, the said Mary E. Lindsay, then and there, did beat, bruise, wound and ill-treat, with intent her, the said Mary E. Lindsay, violently and against her will feloniously to ravish and carnally know and carnally abuse." We think that the information was sufficient, and that the demurrer was properly overruled.

The only other assignment of error that we deem important, and which raises the vital question in this case, is that "the evidence is wholly insufficient to sustain the verdict." The evidence was very brief, and to the effect that the defendant and the prosecutrix started from Noonan Valley in an open, ordinary bobsled, upon which was an ordinary wagon box, January 15, 1899, to go to Montpelier, a distance of eighteen miles; that while both were seated on the bottom of the wagon box, and about five miles from the point of starting, the defendant put his hand up the clothes of the prosecutrix, and felt her person; that prosecutrix objected, and tried by force to remove defendant's hand, but was unable to do so; that defendant persisted, and the prosecutrix continued to resist, defendant holding her by her clothes, and thus detaining her against her wishes, until she finally broke from his grasp and jumped out of the wagon box. This occurred in the vicinity of a dwelling, and not far from parties on the highway. The prosecutrix was a girl of sixteen years; the defendant, a married man, whose wife was in bad health. After the prosecutrix jumped from the sled, defendant entreated her to return and resume the journey, which she refused to do; but finally she did agree that if he would ride in one end of the wagon box, and she in the other, she would go back home, which they did, the journey to Montpelier being abandoned. Defendant entreated the prosecutrix not to tell her father what had happened, but she refused to do so, and told him that she would inform her father as soon as she saw him, and the prosecutrix did promptly inform her father of the occurrence.

Among other instructions given to the jury, the court gave the following: "The jury are instructed that an assault is an

unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another. A particular assault is charged by the information in this case, to wit, an assault with intent to commit rape; and should the jury find from the evidence, beyond a reasonable doubt, that the defendant is guilty of an assault only, without intending to commit the crime of rape, it is their duty to find the defendant guilty of an assault only." Another instruction given is as follows: "In every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence."

The assignment of errors by the defendant is as follows: "1. The court erred in overruling the demurrer to the information; 2. The court erred in the admission of testimony to the jury; 3. The court erred in refusing to admit testimony to go to the jury; 4. The court erred in its instructions to the jury; 5. The court erred in refusing to instruct the jury as requested by the defendant; 6. The court erred in overruling the motion for a new trial; 7. The verdict is contrary to the law and the evidence."

The second, third, fourth and fifth specifications of error are too general, vague, indefinite and uncertain to be entitled to any consideration. It has been, well said of an assignment of errors that "its twofold office is to apprise the appellate court of the specific questions presented for its consideration, thus very materially lessening its labor in the decision of the case, and to inform the opposite party or his counsel of the points intended to be relied upon, that he may thereby be guided in the preparation of his brief, and that the discussion be more limited and concentrated." (2 Ency. of Pl. & Pr. 921.) And in same volume, at page 938, it is said: "Each specification of error, like a paragraph or count of a pleading, must be single, clear, certain and complete in itself. A number of defective specifications cannot be combined to make one good one."

The first error has heretofore been considered.

The sixth and seventh assignments of error simply go to the sufficiency of the evidence. Under some of the authorities, the evidence is not sufficient; under others, it is sufficient. That the defendant committed an unlawful assault upon the prosecu-

trix, and violated the law as well as common decency, is shown by the undisputed evidence in the case. He assaulted, she resisted; and, without any inviting response, he persisted, using force. The questions of defendant's intent was fairly presented to the jury, and they found that the assault was made with intent to commit rape. We do not feel authorized to disturb that finding, the force used, taken in connection with the surrounding circumstances, the intent to commit rape existing, being sufficient. (See *Hays v. People,* 1 Hill, 351; *Carter v. State,* 35 Ga. 263; *State v. Smith,* 80 Mo. 517; *Dibrell v. State* 3 Tex. App. 456; *State v. Boon,* 35 N. C. 244, 57 Am. Dec. 55.)

The trial court properly denied the motion for a new trial. The order and judgment appealed from are affirmed.

Huston, C. J., and Sullivan, J., concur.