Peaeson, J.
 

 The exception, in reference to the breaking, is settled against the prisonér by the authorities. Passing- an imaginary line is a
 
 “
 
 breaking of the close,” and will sustain an action of Trespass
 
 quare clausum fregit.
 
 In Burglary more is required — there must be a breaking, removing, or putting aside of something material, which constitutes a part of the dwelling house, and is relied on as a security against intrusion. Leaving a door or window open shows such negligence and want of proper care, as to forfeit all claim to the peculiar protection extended to dwelling houses. But, if the door or window be shut, it is not necessary to resort to locks, bolts, or nails; because, a latch to the door, and the weight of the window, may well be relied on as a sufficient security. Chimnies are usually left open, yet, if an entry is effected by coming down a chimney, the breaking is burglarious.
 

 The motion in arrest of judgment, based on the distinction between felonies at common law and those created by statute, cannot be sustained. There seems to have been a doubt upon the question at one time, but the later authorities do not leave it open to discussion.
 

 The exception, in reference to the want of evidence of the felonious intent, presents the only question, as to which we have had any difficulty. The evidence of the intent charged is certainly very slight, but we cannot say there is no evidence tending to prove it. The fact of the breaking and entering was strong evidence of some bad intent — go
 
 *247
 
 ing to the bed and touching the foot of one of the young ladies, tended to indicate, that the intent was to gratify lust. •Taking hold
 
 of
 
 — “grasping,” (as the case expresses it) the ancle, after the foot was drawn up, and the hasty retreat without any attempt at explanation, as soon as the lady screamed, was some evidence, that the purpose of the prisoner, at the time he entered, was to gratify his lust by force. It was, therefore, no error to submit the question to the jury. Whether the evidence was sufficient to justify a verdict of guilty is a question, about which the Court is not at liberty to express an opinion.
 

 Per Curiam. Judgment affirmed.