STATE OF NORTH CAROLINA v. MICHAEL EARL REVELLE

No. 30

(Filed 7 October 1980)

1. Criminal Law §22– indictment and trial on same day – no violation of statute

G.S. 15A-943(b) was not violated where defendant was indicted for burglary on the same day the case was called to trial, since the protection of subsection (b), that a defendant may not be tried without his consent in the week in which he is arraigned, applies only to those counties in which there are regularly scheduled twenty or more weeks of trial in which criminal cases are heard, and Hertford County, in which defendant was brought to trial, did not meet that requirement.

State v. Revelle

**2. Criminal Law §22– indictment, arraignment, trial on same day – no violation of due process**

Defendant's indictment, arraignment, and trial on the same day on a burglary charge was not such a flagrant violation of his due process rights that the court was required to dismiss the burglary indictment, since defendant, by not contesting indictments for armed robbery, larceny, and rape conceded that he had been given sufficient time in which to prepare a defense on these charges; the burglary indictment arose out of the same series of events which led to the three other indictments; the offenses took place at such a close proximity in time that any defense which counsel might have prepared to the charge of burglary could not have significantly differed from the defenses he did prepare to the charges of larceny, armed robbery, and rape; and any proof of the nonexistence of the essential elements of burglary would necessarily be included in defendant's defense on the other charges in this case, because for each charge defendant would seek to disprove the State's evidence of the sequence of events leading up to the charge, which facts also supported the burglary indictment.

**3. Larceny §6.1– value of property stolen – testimony of car owner admissible**

In a prosecution of defendant for larceny and other crimes, a witness, as owner of a 1972 Plymouth which defendant allegedly stole, had the familiarity, knowledge, and experience necessary to enable him to place a value on the automobile, and his testimony that the car had a fair market value of $1000 was competent and was properly admitted.

**4. Larceny §7; Robbery §4.3; Burglary and Unlawful Breakings §5; Rape §5– sufficiency of evidence of larceny, armed robbery, burglary, rape**

In a prosecution for larceny, armed robbery, burglary, and rape, evidence was sufficient to support defendant's conviction where it tended to show that defendant, carrying a shotgun, entered the victims' mobile home at 9:30 p.m. without permission; defendant took a .22 caliber pistol from one victim at gun point; he threatened all of the victims with the pistol and took money from them; he ordered two of the victims into the bathroom and threatened to kill them if they emerged; defendant then raped the third victim at gun point and then drove away in one victim's car; defendant was apprehended driving the victim's car; he had the .22 caliber pistol in his possession as well as the exact denominations of currency which the victims described as being taken from them; and defendant admitted having had sexual relations with one of the victims.

**5. Criminal Law §97.1– introduction of additional stipulated evidence – no error**

The trial court did not err in granting the State's motion to reopen its case in order to enter stipulated evidence concerning the results of a medical examination of the rape victim, since defendant could not have been surprised by the admission of the evidence, and there was therefore no prejudice to him.

**6. Constitutional Law §34; Criminal Law §26– four offenses arising from same series of events – no double jeopardy**

Defendant's conviction of felonious larceny, armed robbery, burglary,

State v. Revelle

and rape, all of which arose out of the same series of events, did not place defendant in double jeopardy, since the four offenses were legally separate and distinct crimes, no one 'of which was a lesser included offense of the other; each clearly required the proof of at least *one* essential element not embodied in any of the other three offenses at issue; and the four felonies were factually distinct and independent crimes in this case.

Justice Brock did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment of *Tillery, J.*, entered at the 7 January 1980 Criminal Session of HERTFORD County Superior Court.

Defendant was tried upon indictments proper in form which charged him with larceny, armed robbery, burglary and rape. Defendant pled not guilty as to each. The jury returned a verdict of guilty on all four charges. The trial court entered judgment sentencing defendant to ten years imprisonment for felonious larceny, life imprisonment for first degree rape, life imprisonment for armed robbery, and life imprisonment for first degree burglary. Defendant appeals to this Court as a matter of right pursuant to G.S. 7A-27(a).

The State's evidence tended to show that at about 9:30 p.m. on 17 November 1979, Stanley Whitley, his wife Fannie Whitley, and an eighteen year old neighbor, Treava Earley, were seated in the living room of the Whitleys' mobile home when defendant entered through the outside door, carrying a shotgun. Night had fallen when defendant entered. The door was not locked, but it was closed and defendant did not knock or seek permission to enter. An altercation between defendant and Mr. Whitley ensued, during which defendant held the shotgun pointed at the Whitleys and threatened to kill them in retribution for a previous prison sentence of two years which he served for stealing Mr. Whitley's pistol.

Mr. and Mrs. Whitley and Ms. Earley testified that Mr. Whitley was forced at gun point to give his .22 caliber pistol to defendant. Defendant then threatened all three occupants of the trailer with the pistol, and took $35.00 from Mr. Whitley's wallet, $42.00 from Mrs. Whitley's pocketbook, and an additional $1.00 from Mrs. Whitley's sewing box. He then ordered the Whit-

leys into the bathroom, threatening to kill them if they emerged. Ms. Earley testified that at this time she was forced into the bedroom and raped at gun point.

The State's evidence further tended to show that after raping Ms. Earley, defendant took the Whitleys into the living room and demanded the keys to Whitley's 1972 model Plymouth automobile. After ascertaining that the keys were in the car, defendant dismantled the telephone and drove away in Whitley's Plymouth. The county sheriff's office was notified and defendant was apprehended at approximately 1:00 a.m. on 18 November 1979, driving the car in Ahoskie, North Carolina. When defendant was stopped, the officers observed and seized a .22 caliber pistol lying on the seat between defendant's legs. He was arrested and a search of his person uncovered $78.00, in the exact currency denominations that the Whitleys described as having been taken from them.

Defendant testified in his own behalf that he went to the Whitleys' mobile home on the night in question, carrying a shotgun as protection from an animal. He stated that the Whitleys invited him into their trailer, whereupon he attempted to buy the .22 caliber pistol from Mr. Whitley for $78.00, which money he had found in a lost wallet earlier that evening. Mr. Whitley refused to sell the pistol, and the two argued. Defendant testified that Ms. Earley had consented to sexual intercourse with him, and that he took the Whitley car with Mr. Whitley's permission. He claimed that he found the pistol underneath the seat of the car.

Defendant appeals from the trial court's judgment sentencing him to three life imprisonment terms and imprisonment for ten years, following his conviction of felonious larceny, armed robbery, first degree burglary, and first degree rape.

*Joseph J. Flythe, for defendant-appellant.*

*Attorney General Rufus L. Edmisten, by Associate Attorneys Barry S. McNeill and Thomas J. Ziko for the State.*

COPELAND, Justice.

Defendant argues six assignments of error on appeal. We have carefully considered each assignment and conclude that the trial court committed no error which would entitle defendant to a new trial.

[1] By his first assignment of error, defendant contends the trial court erred when it allowed the State, over defendant's objection, to obtain a bill of indictment on the charge of burglary on the same day defendant was called to trial on the burglary and other three charges. On 18 November 1979 defendant was served with arrest warrants for larceny, rape, and armed robbery. On 7 January 1980, the date of defendant's trial, the grand jury returned bills of indictment charging defendant with burglary as well as larceny, rape, and armed robbery. Defendant objected to being tried at that time on the burglary charge and moved to dismiss the burglary indictment. He alleged that the indictment caused him to be arraigned and tried on the burglary charge on the same day, in violation of G.S. 15A-943(b). In addition, defendant claimed that the burglary indictment deprived him of his due process rights.

Defendant's argument that G.S. 15A-943(b) was violated is without merit. G.S. 15A-943 provides:

> (a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.

> (b) When a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned."

This statute was interpreted in *State v. Shook*, 293 N.C. 315, 237 S.E. 2d 843 (1977), where Justice Exum, speaking for the Court, stated that the protective provisions of subsection (b) apply only to those counties which meet the requirements of subsection (a). We take judicial notice of the dates on which superior court is held and find that Hertford County is not a county in which 20 or more weeks of trial sessions of superior court are regularly scheduled at which criminal cases are heard. *State v. Shook, supra; State v. Wright*, 290 N.C. 45, 224 S.E. 2d 624 (1976), *cert. denied*, 429 U.S. 1049, 97 S. Ct. 760, 50 L. Ed. 2d 765 (1977); 1 Stansbury, N.C. Evidence §13 (Brandis Rev. 1973). Nor has the Chief Justice designated Hertford County as one to which G.S. 15A-943 will apply. Therefore, defendant's case does not fall within the protection of the statute and there is no merit in defendant's contention that G.S. 15A-943(b) was violated by his indictment and trial on the burglary charge.

[2] Defendant also claimed that the denial of his motion to dismiss the burglary indictment deprived him of his due process right to be apprised of the charges against him and afforded a reasonable time in which to prepare his defense. The warrants for arrest on the charges of larceny, armed robbery, and rape, served on 18 November 1979, gave defendant prior notice of these charges. Since no arrest warrant was issued on the charge of burglary, defendant argued that he had no knowledge that the state would seek to convict him on that charge, therefore he was surprised by the burglary indictment and unprepared to present a defense.

The due process provisions of Article I, Sections 18 and 19 of the North Carolina Constitution and the Fourteenth Amendment to the U.S. Constitution provide that no person shall be deprived of liberty without due process of law. A defendant is denied due process if he is not notified of the charges against him within a sufficient time to allow him to prepare a defense. *State v. Hill*, 287 N.C. 207, 214 S.E. 2d 67 (1975); *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617 (1968); *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); 21 Am. Jur. 2d Criminal Law §§222, 237 (1965). G.S. 15A-954(a) states that, on defendant's motion, the court must dismiss a criminal charge against him if it determines that:

"(4) The defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution."

Dismissal of a criminal charge is a drastic remedy, therefore a motion to dismiss under the terms of the statute should be granted sparingly. *State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978). *Accord, State v. Curmon*, 295 N.C. 453, 245 S.E. 2d 503 (1978). Defendant alleges that his indictment, arraignment, and trial on the same day for the burglary charge was such a flagrant violation of his due process rights that the court must dismiss the burglary indictment.

In some instances, defendant's contention that indictment and trial on the same day violates due process would be valid. *State v. Moses, supra.* However, due process is not denied simply because the court acts expeditiously, and whether there is a violation of due process depends upon the particular facts of the case. *State v. Gibson*, 229 N.C. 497, 50 S.E. 2d 520 (1948). We hold that in this case the trial court did not deny defendant due process of law.

By not contesting the indictments on armed robbery, larceny and rape, defendant conceded that he had been given sufficient time in which to prepare a defense on these charges. The burglary indictment arose out of the same series of events which led to the other three indictments. The offenses took place at such a close proximity in time that any defense counsel might have prepared to the charge of burglary could not have significantly differed from the defenses he did prepare to the charges of larceny, armed robbery, and rape. This is true even though the constituent elements of burglary in the first degree differ from the elements of armed robbery and larceny, in that in burglary the state must prove a breaking and entering into a dwelling, that it was night time, and that the dwelling was occupied, none of which are elements of the other offenses. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976). Any proof of the nonexistence of the essential elements of burglary would necessarily be included in defendant's defense on the other charges in this case, because for each charge defendant must

seek to disprove the State's evidence of the sequence of events leading up to the charge, which facts also support the burglary indictment. Consequently, defendant has shown no evidence that he was prejudiced by indictment, arraignment, and trial on the same day for burglary, and he has not suffered any violation of his right to due process.

[3] By his second assignment of error, defendant contends that the trial court erred in allowing state's witness Stanley Whitley to testify as to the value of his automobile. During the State's case-in-chief, Whitley testified that he owned the 1972 Plymouth which defendant was driving at the time of his arrest. On recall he testified, over defendant's objection, that the Plymouth had a fair market value of approximately $1,000.00. This testimony supported defendant's conviction of larceny of goods with a value of more than $400.00, which constitutes felonious larceny. G.S. 14-72.

A witness may give his opinion as to the value of specific personal property if he has obtained his knowledge of value from experience, information, and observation. The witness need not be an expert; it is sufficient that he is familiar with the thing upon which he places a value and has the knowledge and experience necessary to enable him to intelligently value it. 1 Stansbury, North Carolina Evidence §128 (Brandis Rev. 1973). We hold that Stanley Whitley, as the owner of the 1972 Plymouth, had the familiarity, knowledge, and experience necessary to enable him to place a value on the automobile. *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974, 92 S. Ct. 2409, 32 L.E. 2d 674 (1972). *See also Highway Comm. v. Helderman*, 285 N.C. 645, 207 S.E. 2d 720 (1974). His testimony was therefore competent and it was not error to admit it.

[4] Defendant next contends that it was error for the trial court to deny his motion to dismiss on the grounds that the State's evidence was insufficient to support his conviction. The evidence presented by the State must be sufficient to convince a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The evidence in this case was clearly sufficient to overcome defendant's motion to dismiss on

each charge. The testimony of Stanley Whitley, Fannie Whitley, and Treava Earley was consistent on all material points and, if believed, would support a verdict of guilty on each offense charged. In addition, defendant was apprehended driving Whitley's car, in possession of a .22 caliber pistol, identified by Mr. Whitley as his own, and carrying the exact denominations of currency which the Whitleys described as being taken from them. Defendant admitted that he had sexual relations with Ms. Earley and there was stipulated evidence that upon examination by a doctor at the hospital on 17 November 1979, semen was found in Ms. Earley's vagina. Defendant's motion to dismiss was properly denied.

[5] By defendant's next assignment of error he argues that the trial judge erred in granting the State's motion to reopen its case in order to enter stipulated evidence concerning the results of a medical examination of the rape victim. After the State had rested its case and defendant moved to dismiss on the grounds of insufficient evidence, the trial court allowed the prosecutor's motion to reopen the State's case in order to introduce the following stipulated evidence:

"That Treava Earley went to the hospital on November 17, 1979, and she was examined in the Ahoskie Hospital by Dr. David Ascarella and if he had been here, he would have testified that he found semen in her and physically she was not damaged."

G.S. 15A-1226(b) specifically provides that the trial judge may exercise his discretion to permit any party to introduce additional evidence at any time prior to the verdict. This is so even after arguments to the jury have begun and even if the additional evidence is testimony from a surprise witness. *State v. Carson*, 296 N.C. 31, 249 S.E. 2d 417 (1978); *State v. Jackson*, 265 N.C. 558, 144 S.E. 2d 584 (1965).

In this case, the evidence was admitted after the State rested its case and before defendant presented evidence. Since the evidence was a stipulation, defendant could not have been surprised by its admission. Therefore there was no prejudice to defendant in allowing the stipulation into evidence and we find no abuse of discretion.

Defendant's fifth contention is that the trial court erred in its charge to the jury. He argues that the jury should not have been charged on felonious larceny because Stanley Whitley should not have been allowed to testify that the value of his car was $1,000.00, and without his testimony there was no evidence to establish the felonious nature of the larceny. We have found that Stanley Whitley's testimony was competent, therefore we hold that Judge Tillery's charge to the jury on felonious larceny was proper.

Defendant also claims that the charge to the jury was in error in that the trial judge's summary of the evidence tended to emphasize the State's presentation of the case more than defendant's. We have carefully reviewed the charge and find that in view of the relative number of witnesses testifying for each side, the judge's charge does not unduly emphasize the State's case and is a fair, impartial compilation of all the evidence presented.

[6] By his sixth assignment of error, defendant argues that the trial court violated his right to be free from double jeopardy when it convicted him of felonious larceny, armed robbery, burglary and rape, all arising out of the same series of events. Article I, Section 19 of the North Carolina Constitution and the Fifth Amendment to the United States Constitution bestow on every person the right not to be placed in double jeopardy. A person's right to be free from double jeopardy is violated not only when one is tried for and convicted of offenses which are in law and fact identical, but also when one is charged and convicted of two offenses, one of which is a lesser included offense of the other, where both offenses arose out of the same series of events. *State v. Shook, supra; State v. Hill, supra; State v. Birkhead,* 256 N.C. 494, 124 S.E. 2d 838, 6 A.L.R. 2d 888 (1962). *See also Brown v. Ohio,* 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). One offense is a lesser included offense of a more serious offense if all the essential elements of the lesser offense are also essential elements of the greater offense; and therefore proof sufficient to support a conviction on the more serious offense would also support conviction on the lesser offense. *State v. Shook, supra; State v. Hill, supra; State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971); *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424 (1955).

We hold that defendant's conviction of felonious larceny, armed robbery, burglary, and rape out of the same series of events does not place defendant in double jeopardy. The four offenses are legally separate, distinct crimes and no one of the offenses is a lesser included offense of the other. First degree rape, defined in G.S. 14-27.2, plainly requires proof of elements not included in the other offenses. The constituent elements of first degree burglary are: "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein." *State v. Wells*, 290 N.C. at 496, 226 S.E. 2d at 332; *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972); G.S. 14-51. Larceny is defined at common law as "the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." *State v. McCrary*, 263 N.C. 490, 492, 139 S.E. 2d 739, 740 (1965). G.S. 14-72 provides that the larceny of property having a value of more than $400.00 is deemed a felony. Armed robbery is defined in G.S. 14-87(a), as the taking of personal property from another, from his person or in his presence, without his consent and by endangering or threatening his life with a firearm or other dangerous weapon. Each of these offenses clearly requires the proof of at least one essential element not embodied in any of the other three offenses at issue.

The four felonies are also factually distinct and independent crimes in this case. Each offense represents a separate action by defendant, although all the charges were based on the same series of events. The burglary charge arose when defendant entered the mobile home. The State's evidence that subsequently defendant took property from the Whitleys at gun point supported the charge of armed robbery. The alleged rape occurred after the armed robbery, and the larceny charge arose when defendant took Mr. Whitley's automobile. Thus, the State did not use exactly the same evidence to establish more than one offense. Double jeopardy does not occur when the evidence to support two or more offenses overlaps, but only when the evidence presented on more than one charge is identical. *State v. Hill, supra, State v. Richardson, supra. See also* Comment, *Crim-*

*inal Law-Multiple Punishment and the Same Evidence Rule*, 8 Wake Forest L. Rev. 243 (1972). We therefore hold that defendant's claim of double jeopardy is without merit.

Defendant received a fair trial without prejudicial error and we find

No Error.

Justice BROCK did not participate in the consideration or decision of this case.