STATE OF NORTH CAROLINA v. JOHNNY DAWKINS

No. 126A81

(Filed 3 March 1982)

**Burglary and Unlawful Breakings § 5.11 — insufficient evidence of intent to rape as alleged — verdict treated as for misdemeanor**

> The evidence in a first degree burglary case was insufficient to permit the jury to infer that defendant broke into the victim's house with the intent to commit the felony of rape therein as charged in the indictment where the only evidence relevant to intent tended to show that defendant was wearing shorts, a raincoat, a knee-length cast and a gym shoe. However, when the jury found defendant guilty of burglary, it necessarily found facts which would support a conviction of misdemeanor breaking and entering, and the verdict will be treated as a verdict of guilty of misdemeanor breaking and entering.

THE defendant appeals from judgment of *Rousseau, J.,* 20 April 1981 Criminal Session, GUILFORD Superior Court. Upon his conviction of first degree burglary in violation of G.S. § 14-51, the defendant was sentenced to life imprisonment.

The State's evidence adduced at trial indicates that Ms. Alta Johnson, 64 years old, was asleep in her home in Greensboro during the early morning hours of 1 January 1981. At approximately 4:00 a.m., she was awakened by the sound of breaking glass. She arose to investigate, and discovered a man in a blue coat reaching through a broken window to unlatch her back door. As he shoved against the back door, Ms. Johnson ran out her front door.

She awakened a neighbor, Mr. Ricky Cooper, and pointed out the intruder, who was then exiting her front door. The man wore a blue raincoat and a knee-high cast on one leg.

Cooper approached the man, who fled. Cooper gave chase, dropped him with a "flying karate kick," and held him until police arrived.

The man was discovered to be wearing only a gym shoe, shorts, and the raincoat. Both Ms. Johnson and Cooper identified him at trial as the defendant, Johnny Dawkins.

The defendant offered no evidence.

*Rufus L. Edmisten, Attorney General, by Isham B. Hudson, Jr., Special Deputy Attorney General, for the State.*

*A. Wayland Cooke, Assistant Public Defender, for defendant-appellant.*

MITCHELL, Justice.

The question dispositive of this appeal is whether the State's evidence was sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that the defendant broke into Ms. Johnson's house with the intent to commit the felony of rape therein. The only evidence relevant to the element of intent was circumstantial: the mode of dress of the defendant. The evidence that the defendant was wearing shorts, a raincoat, a knee-length cast and a gym shoe is too ambiguous, standing alone, to do more than raise a possibility or conjecture that the defendant had the intent to commit rape as charged in the bill of indictment. Thus, it was an insufficient foundation upon which to permit a trier of fact to infer that he intended to commit the felony of rape once he broke into the house. *See State v. Gaskins,* 252 N.C. 46, 112 S.E. 2d 745 (1960).

Ordinarily evidence of an unexplained breaking and entering into a dwelling house in the nighttime is in itself "sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony. The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft." *State v. Hedrick,* 289 N.C. 232, 236, 221 S.E. 2d 350, 353 (1976); *State v. Accor,* 277 N.C. 65, 175 S.E. 2d 583 (1970). The State chose to indict the defendant for breaking and entering with the intent to commit rape rather than larceny; therefore the State became obligated to prove the specific felonious intent to commit rape, as alleged. *State v. Wilson,* 293 N.C. 47, 235 S.E. 2d 219 (1977). The State having failed to carry the burden, the defendant's burglary conviction must be reversed.

The intent to commit a felony following a breaking and entering distinguishes burglary from the lesser included offense of misdemeanor breaking and entering prohibited by G.S. § 14-54(b). When the jury found the defendant guilty of burglary, it

necessarily found facts which would support a conviction of misdemeanor breaking and entering. The defendant's counsel conceded as much during oral argument. Therefore, because there is not sufficient evidence of intent to commit the felony of rape within Ms. Johnson's house, we recognize the jury's verdict as a verdict of guilty of misdemeanor breaking and entering under G.S. § 14-54(b). *See State v. Barnette*, 304 N.C. 447, 284 S.E. 2d 298 (1981); *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979). The judgment upon the verdict of first degree burglary is vacated and the cause remanded to the Superior Court of Guilford County for imposition of a judgment as upon a verdict of guilty of misdemeanor breaking and entering.

Remanded for judgment as for verdict of guilty of misdemeanor breaking and entering.