STATE OF NORTH CAROLINA v. BOYD STEVEN FREEMAN

No. 514A82

(Filed 11 January 1983)

1. **Burglary and Unlawful Breakings § 5.11— insufficient evidence of intent to rape as alleged**

    The evidence in a first degree burglary case was insufficient to permit the jury to find that defendant broke into the victim's apartment with the intent to commit the felony of rape therein as alleged in the indictment where it tended to show that defendant knocked on the glass patio door of the victim's apartment at 11:00 p.m.; the victim was fully clothed at the time and the drapes in front of the glass door were closed; defendant was wearing a sweat shirt with a hood and blue jeans; in response to defendant's gesture, the victim slid the glass door open a few inches; defendant told the victim that he had a truck running and needed to use a telephone; the victim refused, and defendant forced the door open and pushed his way inside her apartment; after a struggle, the victim managed to push defendant outside; defendant forced his way in again, and the victim was again successful in pushing him out; and as the victim continued to scream angrily and loudly, she heard defendant say that the victim should not have enticed him; and the victim then fled through her front door to a neighbor's apartment where she called the police. G.S. 14-51.

2. **Burglary and Unlawful Breakings § 5.11— acquittal of attempted rape—conviction of burglary with intent to commit attempted rape**

    The jury's acquittal of defendant on a charge of attempted rape did not preclude a finding of guilt of first degree burglary under an indictment alleging that defendant broke and entered the victim's dwelling with the intent to commit the felony of attempted rape.

3. **Burglary and Unlawful Breakings § 7.1— verdict of burglary—insufficient evidence of intent to commit felony—consideration as verdict of misdemeanor breaking and entering**

    By finding defendant guilty of first degree burglary, the jury necessarily found facts which would support a conviction of misdemeanor breaking and entering, and where the evidence was insufficient to show an intent to commit a felony, the verdict will be treated as a verdict of guilty of misdemeanor breaking and entering. G.S. 14-54(a) and (b).

APPEAL by defendant from judgments of *Lane, S.J.,* entered at the 30 March 1982 Criminal Session of Superior Court, MARTIN County, sentencing defendant to a term of life imprisonment upon his conviction of first degree burglary and to a term of not less than nor more than two years upon his conviction of assault on a female.

Defendant was charged with first degree burglary under the following indictment:

> THE JURORS FOR THE STATE UPON THEIR OATH PRE-SENT that on or about the 20th day of October, 1981, in Martin County Boyd Steven Freeman unlawfully and wilfully did feloniously during the nighttime between the hours of 11:00 P.M. and 12:00 midnight break and enter the dwelling house of Melody Anne McGinnis located at 101-C Woodside Avenue, Williamston, N.C. At the time of the breaking and entering the dwelling house was actually occupied by Melody Anne McGinnis. *The defendant broke and entered with the intent to commit a felony therein, attempted rape . . . .*[1]

(Emphasis added.)

The indictment further charged the defendant with attempted rape.

At the close of the evidence, the trial judge instructed the jury on the elements of first degree burglary, attempted second degree rape, and assault on a female. The jury found the defendant guilty of the charges of burglary and assault on a female and acquitted him of attempted rape.

The primary question presented for our review is whether there was sufficient evidence presented at trial on the question of defendant's intent to commit the felony of rape to support his conviction of first degree burglary. We find that there was not. The following facts dictate this conclusion:

Melody Anne McGinnis testified that on 20 October 1981, at approximately 11 o'clock p.m., she was watching television in her living room when she heard a loud knock on her glass patio door. She was fully clothed at the time and the drapes in front of the

---

1. N.C. Gen. Stat. § 14-27.6 (1981) provides in pertinent part that "[a]n attempt to commit first-degree rape as defined by G.S. 14-27.2 . . . is a Class F felony. An attempt to commit second-degree rape as defined by G.S. 14-27.3 . . . is a Class H felony." Although defendant does not challenge the sufficiency of the indictment, there emerges the interesting question of whether a defendant can properly be indicted for first degree burglary based on an *intent* to commit the felony of *attempted* rape. It would seem that the better practice would be for a burglary indictment to simply charge the defendant with the intent to commit rape, which intent, coupled with an overt act falling short of the completed act, would further support a separate charge of attempted rape.

glass door were closed. She turned the patio light on, pulled back the drapes, and saw the defendant, who motioned to her to open the door. He was wearing a sweat shirt type jacket with a hood, and blue jeans. She had never seen the defendant before. In response to his gesture, she slid the glass door open a few inches. She heard the sound of a diesel truck engine in the background. The defendant told Miss McGinnis that he had a truck running and needed to use her telephone. She refused him. He asked if there was a phone nearby. As she answered, he forced the door open and pushed his way inside her apartment. They struggled and Miss McGinnis managed to push the defendant outside. She was "very angry," "furious," and screaming loudly. The defendant forced his way in again, this time knocking the sliding glass door off its track. Miss McGinnis was again successful in pushing him out. She continued to scream angrily and loudly, during which time she heard the defendant say, "You shouldn't have enticed me." Unable to close the glass door securely, Miss McGinnis fled through her front door to a neighbor's apartment where she called the police.

On cross examination, Miss McGinnis stated that the defendant had made no verbal threats to her, had made no obscene remarks, and had no weapon that she could see.

The defendant was apprehended shortly after the incident when law enforcement authorities conducted a search of a warehouse area located near Miss McGinnis' apartment and found him inside the sleeper cab of a truck. He agreed to accompany the officers back to the apartment where Miss McGinnis identified him as the intruder.

*Rufus L. Edmisten, Attorney General by George W. Boylan, Assistant Attorney General, for the State.*

*J. Melvin Bowen and James R. Batchelor, Jr., Attorneys for defendant-appellant.*

MEYER, Justice.

I

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss the burglary charge for insufficient evidence on the question of his intent to commit the felony of rape.

For a jury to properly convict a defendant of first degree burglary, the State must produce sufficient evidence at trial that a breaking and entering of an occupied dwelling occurred during the nighttime and that the defendant had the intent to commit a felony therein. N.C. Gen. Stat. § 14-51 (1981); *State v. Jones*, 294 N.C. 642, 243 S.E. 2d 118 (1978); *State v. Garrison*, 294 N.C. 270, 240 S.E. 2d 377 (1978); *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). The intent element of the crime of burglary is ordinarily a question of fact for the jury, and is generally proved by circumstantial evidence. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). The felonious intent proven must be the felonious intent alleged in the indictment. *State v. Joyner*, 301 N.C. 18, 269 S.E. 2d 125 (1980); *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977).

"Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. at 750, 208 S.E. 2d at 508. For example, in *Bell*, this Court held that the following evidence was sufficient to carry the case to the jury and to support a permissible inference that defendant intended to commit the felony of rape.

> [D]efendant entered the sleeping apartment of Bonnie Louise Whicker in the nighttime by cutting the window screen; that he got in bed with his intended victim, placed a hand over her mouth when he was discovered, threatened to cut her throat if either she or her sister screamed, and pulled up his outside pants and ran from the room when the other girls appeared and turned on the light.

*Id.*

By contrast, in *State v. Dawkins*, 305 N.C. 289, 287 S.E. 2d 885 (1982), we reversed a defendant's first degree burglary conviction where the evidence of intent included the fact that the defendant broke into the victim's home in the early morning hours wearing shorts, a raincoat, a knee-high cast and a gym shoe. We held that this evidence was "too ambiguous, standing alone, to do more than raise a possibility or conjecture that the defendant had the intent to commit rape as charged in the bill of indictment." *Id.* at 290, 287 S.E. 2d at 886.

The circumstances surrounding the incident in the case now before us present an even weaker argument than those in *Daw-*

*kins* for finding an intent to commit the felony of rape. There was nothing in defendant's dress or demeanor to suggest an intent to commit rape. The only words spoken by the defendant, apart from requesting the use of a telephone, were "You shouldn't have enticed me." These words were spoken only after Miss McGinnis pushed defendant out of the apartment for the second time. In light of Miss McGinnis' testimony that she was fully clothed and in no way encouraged the defendant, the words are at best ambiguous and, in the context of the incident, are virtually meaningless.

"The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the house." *State v. Tippett,* 270 N.C. 588, 594, 155 S.E. 2d 269, 274 (1967). *See State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506. There is, however, no evidence in this case to support a finding that at the time defendant broke and entered the apartment, he intended to rape Miss McGinnis, or even that the assault upon Miss McGinnis was committed with the intent to commit rape. Rather, it appears from this victim's own testimony that the assault was committed to effectuate defendant's efforts to gain entrance into the apartment. On the record before us we find the evidence insufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that the defendant broke into Miss McGinnis' apartment with the intent to commit the felony of rape. We hold that the trial court erred in denying defendant's motion to dismiss the burglary charge.

II

[2] Defendant further contends that the trial court erred in refusing to set aside the verdicts as inconsistent. He argues that the same intent to commit rape is an element of both the offenses of burglary and attempted rape, and therefore "by acquitting of attempted rape and convicting of assault on a female, the jury did not find that the defendant had the intent to commit rape."

We note first that there are two elements of attempted rape: the *intent* to commit the rape and an *overt act* done for that purpose which goes beyond mere preparation but falls short of the completed offense. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980). The jury might well have found the requisite intent to commit the rape, thus justifying defendant's conviction of first

degree burglary, yet found insufficient evidence, under the instructions given, of an overt act going beyond mere preparation. As discussed above, Miss McGinnis' own testimony indicated that the defendant assaulted her in an effort to gain entrance into her apartment. On this issue the trial judge instructed as follows:

> So, I charge if you find from the evidence beyond a reasonable doubt that on or about the 20th of October, 1981, the defendant, Boyd Steven Freeman, intended to rape and carnally know Melanie Ann McGinnis, and that in furtherance of that intent he broke into the apartment of the said Miss McGinnis, grappled with her and grabbed her arms, legs, and her thighs to bring this about, and that in the ordinary and likely course of things, he would have completed the crime of rape had he not been stopped or prevented from completing his apparent course of action, it would be your duty to return a verdict of guilty of attempted rape. However, if you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

We note further that although intent to commit a felony for purposes of a first degree burglary charge may be inferred from a defendant's actions once he has gained entry,

> the fact that a felony was actually committed after the house was entered is not necessarily proof of the intent requisite for the crime of burglary. It is only evidence from which such intent at the time of the breaking and entering may be found. Conversely, actual commission of the felony, which the indictment charges was intended by the defendant at the time of the breaking and entering, is not required in order to sustain a conviction of burglary. *State v. Reid, supra; State v. Hooper,* 227 N.C. 633, 44 S.E. 2d 42; *State v. McDaniel,* 60 N.C. 245. The offense of burglary is the breaking and entering with the requisite intent. It is complete when the building is entered or it does not occur. A breaking and an entry without the intent to commit a felony in the building is not converted into burglary by the subsequent commission therein of a felony subsequently conceived. *State v. Allen,* 186 N.C. 302, 119 S.E. 504.

*State v. Tippett,* 270 N.C. at 594, 155 S.E. 2d at 274.

For the reasons stated, we hold that the jury's acquittal of the defendant on the charge of attempted rape does not preclude a finding of guilt of first degree burglary.

[3] First degree burglary and second degree burglary under G.S. § 14-51 and felonious breaking and entering under G.S. § 14-54(a) require, for conviction, proof of intent to commit a felony. Misdemeanor breaking and entering, G.S. § 14-54(b), requires only proof of the wrongful breaking or entry into any building. Thus we hold, as we did in *State v. Dawkins*, 305 N.C. at 291, 287 S.E. 2d at 887, that by finding the defendant guilty of burglary, the jury "necessarily found facts which would support a conviction of misdemeanor breaking and entering," where, as here, the evidence of intent to commit a felony is insufficient.

Upon the record before us, as demonstrated by the foregoing review of the testimony given at trial, there is ample evidence to support defendant's conviction of assault on a female, and as to defendant's trial on that charge we find no error.

Because of our disposition of the burglary conviction, we need not address defendant's contention that he is entitled to a new trial for the trial court's failure to submit non-felonious breaking and entering to the jury for a possible verdict.

For lack of sufficient evidence of intent to commit the alleged felony of attempted rape, the judgment upon the verdict of first degree burglary must be and is hereby vacated. The cause is remanded to Superior Court, Martin County, for entry of a judgment as upon a verdict of guilty of misdemeanor breaking and entering and resentencing thereon. Defendant is entitled to be present for resentencing and to be represented by counsel.

Vacated and remanded.