STATE OF NORTH CAROLINA v. WALTER RUSHING

No. 8220SC594

(Filed 1 March 1983)

**1. Burglary and Unlawful Breakings § 5.11— first degree burglary—insufficient evidence of intent to rape**

The evidence was insufficient to permit the jury to find that defendant intended to commit rape at the time of a breaking and entering as alleged in the indictment so as to support his conviction of first degree burglary where it tended to show that defendant climbed in the window of the bedroom in which the prosecutrix was sleeping during the nighttime; defendant was wearing white gloves and no shirt; defendant told the prosecutrix not to scream and stated that he had a gun, although the prosecutrix never saw a gun; the prosecutrix backed up to the head of her bed, whereupon defendant came to the side of the bed and grabbed her arm; every time the prosecutrix tried to turn on the light, defendant told her not to move; when the prosecutrix started screaming, defendant put his hand over her mouth; and when the small child of the prosecutrix started screaming, defendant let go of the prosecutrix's arm and dived out the window head first.

**2. Rape and Allied Offenses § 5— attempted rape—insufficiency of evidence**

The State's evidence was insufficient to sustain defendant's conviction of attempted rape where it tended to show that defendant climbed in the window of the bedroom in which the prosecutrix was sleeping during the nighttime; defendant was wearing white gloves and no shirt; defendant told the prosecutrix not to scream and stated that he had a gun, although the prosecutrix never saw a gun; the prosecutrix backed up to the head of her bed, whereupon defendant came to the side of the bed and grabbed her arm; every time the prosecutrix tried to turn on the light, defendant told her not to move; when the prosecutrix started screaming, defendant put his hand over her mouth; and when the small child of the prosecutrix started screaming, defendant let go of the prosecutrix's arm and dived out the window head first.

Chief Judge VAUGHN concurring in part and dissenting in part.

APPEAL by defendant from *Collier, Judge.* Judgment entered 23 March 1982 in STANLY County Superior Court. Heard in the Court of Appeals 7 December 1982.

Defendant, Walter Rushing, was tried on indictments charging him with first degree burglary and attempted rape.

The State's evidence tended to show the following. The prosecutrix was awakened from her sleep on 3 August 1981 in the early morning hours by a noise. Although there was no light in her room, she saw someone climb in her window. She could tell that

the intruder was a black male, and that he was wearing dark pants, white fabric gloves and no shirt. The woman asked who it was and he said "Don't holler, don't scream, I got a gun, I'll shoot you." The prosecutrix backed up to the head of her bed, whereupon the intruder came to the side of the bed and grabbed her arm. Every time she tried to turn on the light, the man told her not to move. The prosecutrix started screaming and called for her grandmother. The intruder put his hand over her mouth. Her small child woke up and started screaming. The man let go of her arm and dove out the window head first. The woman ran to the window and watched him run away. She never saw a gun. The prosecutrix knows defendant's wife, and has spoken with defendant in the past. Although she has asked men other than her boyfriend to come to her house, she never asked defendant to come there. Lab analysis tended to show that fibers found at the scene of the crime matched pants and gloves found at defendant's house. The gloves found at defendant's house had makeup and grass stains on them.

Defendant's evidence tended to show that he is a 39 year old married man. He had known the prosecuting witness for about a year. In June of 1981 he saw her at a convenience store and she complained to him that her boyfriend did not spend enough time with her. Defendant told her that he had plenty of time and they agreed to meet sometime. She told him which bedroom window was hers and that he should stay away when her boyfriend's car was at her house. Late on August 2, defendant went to the woman's front door and knocked. Upon getting no answer, he went to her window and knocked. He pushed the partially open window up, put a shoulder and hand through the window, and called to her. The woman called out in fright and he ran home and stayed there.

The jury found defendant guilty as charged and the trial court entered judgment on the verdict, imposing an active sentence of imprisonment. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant.*

WELLS, Judge.

By his assignments of error, defendant contends that the evidence is insufficient as a matter of law to support defendant's convictions of attempted rape and first degree burglary. In order to support a conviction, each element of the charged offense must be supported by "more than a scintilla" of evidence, *State v. Summit*, 301 N.C. 591, 273 S.E. 2d 425, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981), which means "substantial evidence." *See State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). The evidence must be sufficient to convince a rational finder of fact of the existence of each essential element. *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). It does not matter that the evidence presented is circumstantial. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981). On review, the State is entitled to all reasonable inferences which may be drawn from the evidence. *See State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

[1] By his first assignment of error, defendant contends that the State's evidence was insufficient to sustain his first degree burglary conviction. To support a verdict of guilty of first degree burglary, there must be evidence from which a jury could find that defendant broke and entered a dwelling house at nighttime, with the intent to commit a felony therein. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976). The intent to commit a felony must exist at the time of entry, and it is no defense that the defendant abandoned the intent after entering. *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977); *State v. Wells, supra.* The intended felony alleged in defendant's burglary indictment was the felony of rape. Thus, it was necessary for the State to present sufficient evidence to permit the jury to find that, at the time defendant entered the house of the prosecutrix, he intended to have vaginal intercourse with the prosecutrix by force and against her will. *See* G.S. 14-27.2; *and* G.S. 14-27.3.

The question of sufficiency of evidence to justify an inference of intent to rape has been addressed by our Supreme Court in a number of cases. In *State v. Gay*, 224 N.C. 141, 29 S.E. 2d 458 (1944), our Supreme Court held that where the defendant indecently exposed himself to the victim on a city street, posed an indecent question, and chased her briefly when she screamed and

ran, but did not touch the victim, there was insufficent evidence of assault with intent to commit rape because there was no showing that the defendant intended to gratify his passions notwithstanding the resistance of the victim. The Court, noting that the evidence would warrant a verdict of guilty of assault on a female, granted the defendant a new trial.

In *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963), the evidence tended to show that the defendant, who was a minister, told the prosecutrix that the Lord had told him to have sexual relations with her in order to heal her, pushed her down on a bed and laid on top of her, put his hand up her dress removing her underclothes and touched her "body" with his. When the woman threatened to scream, which would have alerted the minister's wife, he ceased in his efforts, threatening her with death should she tell. The Court held that there was insufficient evidence to show that the defendant intended to overcome the victim's resistance and granted the defendant a new trial on the lesser included misdemeanor of assault on a female.

In *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974) the defendant appealed a conviction of first degree burglary where the State had relied on evidence of an attempted rape for the necessary element of intent to commit a felony. The Supreme Court held that there was sufficient evidence of the defendant's intent to commit rape where the State's proof tended to show that the intruder—who climbed into the victim's window, got into bed with her with his outside pants down and put his hand over her mouth, threatening to cut her throat if she screamed—ran away only when another girl turned on the light in the room.

In *State v. Wells, supra*, the defendant had broken into the window of the victim's apartment at night. She woke up to find the defendant lying on top of her kissing her on the neck. When she screamed, he put his hand over her mouth and told her to shut up and that all he wanted was some sex. She told him that her boyfriend would kill him, whereupon he left by the door. The Court held that this evidence was sufficient to support an inference that the defendant intended to rape the victim at the time he broke and entered the apartment.

In *State v. Dawkins*, 305 N.C. 289, 287 S.E. 2d 885 (1982) our Supreme Court vacated the defendant's conviction of first degree

burglary where the necessary felony allegedly intended was rape. The Court held that evidence that the defendant was wearing only a gym shoe on one foot and a knee-high cast, shorts, and a raincoat was insufficient to support an inference that the defendant intended to rape the lady inside the house. Noting that, by finding the defendant guilty of burglary, the jury necessarily found that defendant had committed the misdemeanor of breaking and entering, the Court remanded the case for sentencing on that misdemeanor.

Most recently, in *State v. Freeman*, --- N.C. ---, --- S.E. 2d --- (filed 11 January 1983), our Supreme Court reversed the defendant's conviction for first degree burglary, holding that the State had failed to offer sufficient evidence of the intended felony alleged in the indictment, rape. In *Freeman*, the State's evidence tended to show that the defendant, dressed in a sweat shirt type jacket and blue jeans, upon asking permission to enter and being refused, twice forcibly entered the female victim's home at night, telling her that she "shouldn't have enticed" him. *Citing State v. Bell, supra*, as an example of where sufficient intent to rape had been shown, the Court held that defendant Freeman's conviction of burglary could not stand, stating that "[t]here was nothing in defendant's dress or demeanor to suggest an intent to commit rape" and that the "words spoken by the defendant. . ., [i]n light of [the victim's] testimony that she was fully clothed and in no way encouraged the defendant, . . . are at best ambiguous and . . . are virtually meaningless."

The State contends that the facts in the present case (specifically, a shirtless male's nocturnal entry into the bedroom of a sleeping woman) permit an inference that defendant intended to commit rape at the time he entered her room. We do not agree. In support of its argument, the State cites *State v. Hudson*, 280 N.C. 74, 185 S.E. 2d 189 (1971), *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968), *State v. Norman*, 14 N.C. App. 394, 188 S.E. 2d 667 (1972), and *State v. Gaston*, 4 N.C. App. 575, 167 S.E. 2d 510 (1969). In all of those cases, there was some overt manifestation of an intended forcible sexual gratification, an element not shown by the evidence in the case before us. The only evidence presented tending to show that defendant had a sexual purpose was evidence presented by defendant himself, and defendant's evidence tended only to show that he intended to

engage in consensual intercourse with the prosecutrix. We further note that defendant's dress, while possibly indicating an intent to commit a crime, does not of itself indicate an intent to engage in nonconsensual intercourse.

Consistently with *Freeman, supra,* we find that the State's evidence as to defendant's intent was "at best ambiguous" and is not sufficient to support an inference that at the time he entered the window of prosecutrix's bedroom he intended to rape the prosecutrix. Therefore, defendant's conviction of first degree burglary must be vacated.

[2] By his second assignment of error, defendant contends that the State's evidence was insufficient to sustain his conviction of attempted rape. There are two elements to the crime of attempt: there must be the intent to commit a specific crime and an overt act which in the ordinary and likely course of events would result in the commission of the crime. *State v. Dowd,* 28 N.C. App. 32, 220 S.E. 2d 393 (1975). An attempt is an act done with the *specific intent* to commit a crime. *Id.* Thus, in order to carry its burden, it was necessary for the State to present sufficient evidence to permit the jury to find first,. that when defendant assaulted the prosecutrix he intended to engage in forcible, nonconsensual intercourse with her and second, that in the ordinary and likely course of events his assaultive acts would result in the commission of a rape. Applying the standards articulated in *State v. Gay, supra, State v. Gammons, supra,* and the other cases involving attempted rape discussed above, we hold that defendant's conviction of attempted rape cannot stand. The State's evidence showed nothing more than that defendant attempted to forcibly subdue the prosecutrix and to avoid detection by other persons in the house. The State's evidence of defendant's conduct after entering the prosecutrix's house is insufficient to permit the jury to find either that defendant intended to commit a rape when he assaulted the victim or that defendant committed an overt act which in the ordinary and likely course of events would result in the commission of a rape. Defendant's conviction for attempted rape must be vacated.

Misdemeanor breaking or entering, G.S. 14-54(b), requires only proof of wrongful breaking or entry into any building. Assault on a female, G.S. 14-33(b)(2), requires only proof of an

assault on a female person by a male person over the age of eighteen years. The evidence being uncontroverted and conclusive that defendant is a male over eighteen years of age, we hold that, by finding defendant guilty of attempted rape and burglary, the jury necessarily found facts that would support defendant's conviction of assault on a female and non-felonious breaking or entering. Thus, this case must be remanded for sentencing for assault on a female and non-felonious breaking or entering.[1]

Judgment vacated.

Remanded for entry of appropriate judgment.

Judge WHICHARD concurs.

Chief Judge VAUGHN concurs in part and dissents in part.

Chief Judge VAUGHN concurring in part and dissenting in part.

I find no error in defendant's conviction for first degree burglary. The majority opinion fairly summarizes the evidence. The result reached, however, appears to spring from an unconscious weighing of the evidence, a process that should be left to the jury.

Defendant's own evidence tends to show that he entered the bedroom with the intent to have intercourse. For purposes of this appeal, that part of his evidence that tends to show he only intended to have consensual intercourse must be disregarded. His threat to use a gun would certainly permit the jury to find that he entered the bedroom of his sleeping victim with the intent to use that gun to carry out his intent to rape. It was for the jury to weigh the effect of the victim's statement that she did not see the gun, as well as her admission with respect to entertaining other men. The jury had the opportunity to see and hear the witnesses. We do not. I believe the jury could reasonably infer that defend-

---

1. We note that the results in this case cause us considerable concern, and suggest that the General Assembly may want to consider whether the act of forceful entry by one person into the occupied sleeping quarters of another should itself be a felony.

ant made the forcible entry through the victim's bedroom window with the intent to commit rape. *State v. Dawkins* and *State v. Freeman*, relied upon by the majority, are distinguishable. In *Dawkins*, the evidence tended to show the entry was made with the intent to commit larceny. *Freeman* is also distinguishable, among other ways, in that there was no direct evidence that defendant intended to have intercourse, either consensual or by force. There the defendant entered the prosecutrix's living room, made no threats, and did not touch her. In the case before us, however, defendant came through the bedroom window of his sleeping victim. I see a difference.

I agree with the majority that the evidence was insufficient to take the case to the jury on the charge of attempted rape. Although the evidence permits a finding that defendant broke and entered through the bedroom window with the intent to commit rape, it also shows that, because of the screams of his intended victim and her infant child, he abandoned his scheme and fled before attempting to commit the rape.

I vote to find no error in the conviction for first degree burglary.

I agree that the charge of attempted rape should be dismissed, and defendant should be sentenced for assault on a female.