Siler in the kidnapping cases on the issue of whether she consented to go with them from the grill to the apartment, even if the Rape Victim Shield Statute might have precluded such evidence in the rape cases—an argument with which a majority of the Court of Appeals agreed. But the evidence defendants sought to offer through the testimony of Braswell was of specific acts of misconduct. That is what makes the evidence inadmissible.[5]

For the reasons given the Court of Appeals' decision insofar as it ordered new trials in the kidnapping cases against defendants John Rankin and Ralph Rankin is

Reversed.

STATE OF NORTH CAROLINA v. WALTER RUSHING

No. 192A83

(Filed 7 July 1983)

APPEAL by the State pursuant to N.C. 7A-30(2) from the decision of the Court of Appeals (Judges Wells and Whichard concurring, Chief Judge Vaughn concurring in part and dissenting in part), reported in 61 N.C. App. 62, 300 S.E. 2d 445 (1983), which vacated the judgment entered by Collier, Judge, at the 23 March 1982 Session of Superior Court, STANLY County. The Court of Appeals remanded this case for sentencing for assault on a female and non-felonious breaking or entering.

*Rufus L. Edmisten, Attorney General, by Assistant Attorney General Harry H. Harkins, Jr., for the State-appellant.*

*Adam Stein, Appellate Defender, by Assistant Appellate Defender Nora B. Henry, for the defendant-appellee.*

PER CURIAM.

Affirmed.

---

5. For a concise, accurate summary of the rules in this area, which ought to be thoroughly familiar to every trial lawyer, see 1 Brandis, North Carolina Evidence, §§ 105, 107, 110, and 111 (2d rev. ed. of Stansbury's N.C. Evidence, 1982).