STATE OF NORTH CAROLINA v. ALFRED LEE COOPER

No. COA99-822

(Filed 20 June 2000)

**Burglary and Unlawful Breaking or Entering— sexual intent— evidence insufficient**

     A burglary conviction based upon the intent to commit a sexual offense was vacated where the complainant heard a noise from her son's bedroom, she found the screen missing from the window when she went to investigate, the lock on the window was broken and items from the sill were on the floor, and defendant grabbed the complainant through the window from the outside. The fact that a defendant has broken into and entered a dwelling at night permits an inference of intent to commit felonious larceny, but the State must prove sexual intent when it proceeds on that theory. The State's proffer consisted of defendant's failure to flee when complainant appeared in the bedroom, his act of grabbing her arms above the elbows for five seconds, and his flight when she screamed; however, defendant did not speak in a sexual manner, nothing about his clothes or demeanor was suggestive of sexual intent, and defendant did not remove his clothing or attempt to remove complainant's clothing. The case was remanded for judgment and sentence on non-felonious breaking and entering.

     Judge LEWIS dissenting.

Appeal by defendant from judgment entered 21 April 1998 by Judge W. Osmond Smith in Superior Court, Wake County. Heard in the Court of Appeals 30 May 2000.

*Attorney General Michael F. Easley, by Associate Attorney General Angel E. Gray, for the State.*

*Thigpen, Blue, Stephens & Fellers, by Carlton E. Fellers, for defendant-appellant*

TIMMONS-GOODSON, Judge.

Alfred Lee Cooper ("defendant") appeals from the judgment entered upon his conviction by a jury of first-degree burglary. For the reasons discussed below, we vacate his conviction and remand this matter to the superior court.

The State's case was built primarily on the testimony of the complaining witness. The complainant testified that she was at home alone on the night of 13 September 1997, when she heard a noise coming from her son's bedroom. She went into the bedroom and discovered that the screen was out of the window and objects displayed on the window sill had spilled onto the floor.

The complainant left the room, turned on the back patio light and came back to the window with a step stool. As she was trying to shut the window, defendant reached in from outside and grabbed her arms above the elbows. The complainant screamed and stepped off the stool, breaking defendant's grip. Defendant backed away from the window and ran off. The complainant estimated that defendant had his hands on her for "no more than five seconds."

At the conclusion of the State's case, defendant moved to dismiss the charge of first-degree burglary. He argued that the State failed to adduce evidence of his intent to commit a felony at the time of the alleged break-in. The State responded that the evidence demonstrated defendant's intent to commit "rape or some kind of sexual offense." The court denied defendant's motion.

The trial court then asked the State to identify the felony it would submit to the jury on the intent portion of the burglary charge. The State asked for an instruction on second-degree sexual offense. Defense counsel reiterated his position that the charge should be dismissed, arguing that the State had failed to show "some overt act" by defendant suggestive of an intention to commit a sexual offense. The court responded, "I've already denied the motion to dismiss[.]" The court instructed the jury that in order to find defendant guilty of first-degree burglary, it had to find "that at the time of the breaking and entering the defendant intended to commit a second degree sexual

STATE v. COOPER

[138 N.C. App. 495 (2000)]

offense." The court then defined second-degree sexual offense. The court also instructed the jury on the lesser offense of non-felonious breaking and entering.

The jury found defendant guilty of first-degree burglary. After his sentence of 120 to 153 months imprisonment was announced by the trial judge, defendant noted his appeal in open court.

---

On appeal, defendant contends that the trial court erred in denying his motion to dismiss the burglary charge. He maintains that the State did not prove a "breaking" into complainant's house. In addition, defendant insists there was no evidence that he intended to commit a second-degree sexual offense when he reached into the window. On a related point, defendant argues that the trial court committed plain error in instructing the jury on second-degree sexual offense, absent any supporting evidence. Because we agree that the evidence was insufficient to support defendant's conviction for first-degree burglary, we need not address defendant's second argument.

In reviewing the denial of a defendant's motion to dismiss, this Court determines only whether the evidence adduced at trial, when taken in the light most favorable to the State, was sufficient to allow a rational juror to find defendant guilty beyond a reasonable doubt on each essential element of the crime charged. *State v. Warren*, 348 N.C. 80, 102, 499 S.E.2d 431, 443, *cert. denied*, 525 U.S. 915, 142 L. Ed. 2d 216 (1998). The State is entitled to all inferences that may be fairly derived from the evidence. *Id.*

"To convict a defendant of burglary, 'the State's evidence must show that there was a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein. . . . If the burglarized dwelling is occupied it is burglary in the first degree.' " *State v. Ball*, 344 N.C. 290, 306, 474 S.E.2d 345, 354 (1996) (quoting *State v. Wilson*, 289 N.C. 531, 538, 223 S.E.2d 311, 315 (1976)), *cert. denied*, 520 U.S. 1180, 137 L. Ed. 2d 561 (1997).

We find that the State presented sufficient circumstantial evidence of a "breaking" by defendant. Complainant heard a noise from her son's bedroom. When she went to investigate, the screen was missing from the window, the lock on the window was broken and items on the window sill were on the floor. Defendant then grabbed complainant through the window from outside. These facts permit an inference that defendant opened the window and/or removed the screen in order to enter complainant's home.

We agree with defendant, however, that the State failed to meet its evidentiary burden on the issue of intent. Generally, the fact that a defendant has broken into and entered a dwelling at night permits an inference of the intent to commit the felony of larceny. *See State v. Dawkins*, 305 N.C. 289, 290, 287 S.E.2d 885, 886-87 (1982). However, where the State proceeds on the theory that the defendant intended to commit a sex offense, it is obliged to prove defendant's sexual intent. *Id.* at 290, 207 S.E.2d at 887. Sexual intent may be proved circumstantially by inference, based upon a defendant's actions, words, dress, or demeanor. *State v. Robbins*, 99 N.C. App. 75, 80, 392 S.E.2d 449, 452, *aff'd*, 327 N.C. 628, 398 S.E.2d 331 (1990). There must, however, be evidence of " 'some overt manifestation of an intended forcible sexual gratification[.]' " *State v. Robinson*, 97 N.C. App. 597, 602, 389 S.E.2d 417, 420 (quoting *State v. Davis*, 90 N.C. App. 185, 188, 368 S.E.2d 52, 54 (1988)), *appeal dismissed and disc. review denied*, 326 N.C. 804, 393 S.E.2d 904 (1990).

In *State v. Rushing*, 61 N.C. App. 62, 300 S.E.2d 445, *aff'd per curiam*, 308 N.C. 804, 303 S.E.2d 822 (1983), a shirtless defendant entered the victim's bedroom window at night while she was sleeping. He told the victim, "Don't holler, don't scream, I got a gun, I'll shoot you." *Id.* at 63, 300 S.E.2d at 447. When the victim moved away to the head of her bed, defendant grabbed her arm. When she tried to turn on the light, defendant ordered her not to move. When the victim began to scream, defendant covered her mouth with his hand. He fled only when the victim's child started to scream. We found the evidence insufficient to permit an inference that the defendant entered the victim's dwelling with the intent to commit rape. *Id.* at 67, 300 S.E.2d at 449. .

We find even less evidence of defendant's sexual intent here than in *Rushing*. The State's proffer on this issue consists of defendant's failure to flee when complainant appeared in the bedroom, his act of grabbing her arms above the elbows for five seconds, and his flight when she screamed. However, we note that defendant did not speak to complainant in a sexual manner. *Cf. Robbins*, 99 N.C. App. at 80, 392 S.E.2d at 452. Nothing about his clothes or demeanor was suggestive of a sexual intent. Defendant wore jeans and a t-shirt, and his face was described by complainant as one "you would not be afraid to see if you were walking down the street." Defendant did not remove his own clothing or attempt to remove complainant's clothing. *Cf. State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974); *Robbins*, 99 N.C. App. at 80, 392 S.E.2d at 453; *Robinson*, 97 N.C. App. at 602, 389 S.E.2d at 420.

Defendant's burglary conviction must be vacated. Because the jury necessarily found facts that would support defendant's conviction for non-felonious breaking and entering, N.C. Gen. Stat. § 14-54(b) (1999), we remand the cause for entry of an appropriate judgment and sentence. *See Dawkins*, 305 N.C. at 291, 287 S.E.2d at 887.

Vacated and remanded.

Judge SMITH concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I believe there is evidence sufficient from which a jury could infer an intent by the defendant to commit a felony. The State contends the defendant intended to commit a second-degree sexual offense. Such a crime is defined as engaging in a sexual act by force and against the will of another person. N.C. Gen. Stat. § 14-27.5(a)(1) (1999). The State did not suggest that the defendant intended to rape Ms. Sellew.

The evidence is clear that it was 0130 to 0200 in the early morning. The defendant had no right or reasonable business at that home. Ms. Sellew had heard noises and found the window raised with personal property scattered on the floor from its previous position on the windowsill. The defendant, outside, had not been detected. He could have departed. He did not. He reached in and seized Ms. Sellew by both her arms. Had he intended larceny, he could have already done that or waited and perhaps entered after Ms. Sellew had left the room. He did not. He reached into the room and physically grabbed Ms. Sellew.

Many cases have recited more physical facts as being sufficient to infer an intent by a defendant. In *State v. Boon*, 35 N.C. 244 (1852), a defendant entered a bedroom in which a female slept, seized her feet but fled after she screamed. In that opinion, by Pearson, J., (later Chief Justice) the court said in part:

The evidence of the intent charged is certainly very slight, but we cannot say there is no evidence tending to prove it. The fact of the breaking and entering was strong evidence of some bad intent; going to the bed and touching the foot of one of the young ladies

tended to indicate that the intent was to gratify lust. Taking hold of—"*grasping*" (as the case expresses it)—the ankle, after the foot was drawn up, and the hasty retreat without any attempt at explanation, as soon as the lady screamed, was some evidence that the purpose of the prisoner, at the time he entered, was to gratify his lust by force. It was, therefore, no error to submit the question to the jury.

*Id.* at 246-27.

No error was found in that case, though the felony there intended was rape. I believe that case is sufficiently similar to this case whereby the jury should have the question of intent submitted to it. The intent for second-degree sexual offense must be inferred here. I do not believe as a matter of law this was insufficient. Therefore, I would vote to find no error.