STATE OF NORTH CAROLINA v. HUBERT EARL SPRUILL

No. 872SC904

(Filed 5 April 1988)

**1. Criminal Law § 26.5; Larceny § 1— theft of car keys and car—two separate offenses**

Defendant could be convicted of separate offenses of larceny of car keys and larceny of a car where the evidence showed that defendant broke into a car dealer's office and took a number of car keys and then drove a car away from the dealer's lot.

State v. Spruill

**2. Criminal Law § 141.1— habitual felon—date of prior offense—no fatal variance**

There was no fatal variance between indictment and proof on an habitual felon charge where the indictment alleged a prison escape on 28 October 1977 as one of defendant's three prior felonies and defendant stipulated prior to trial that this offense actually occurred on 7 October 1977.

APPEAL by defendant from *Fountain, George M., Judge.* Judgments entered 1 May 1987 in MARTIN County Superior Court. Heard in the Court of Appeals 9 February 1988.

Defendant was indicted for, tried on, and convicted of one charge of felonious breaking and entering, two charges of felonious larceny, and the offense of being a habitual felon. From active sentences entered on the jury's verdicts, defendant has appealed.

At trial, the State's evidence showed that on 1 July 1986, defendant forcefully broke into the office of J & M Motors in Williamston and removed from the building a number of car keys. He then took a 1986 Pontiac automobile belonging to J & M and drove it to a rural area in Pitt County, where he was apprehended. The car was valued at approximately $17,500.00.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lorinzo L. Joyner, for the State.*

*James R. Batchelor, Jr. for defendant-appellant.*

WELLS, Judge.

Under his first assignment of error, defendant suggests that the trial court erred in denying his Motion to Dismiss for lack of a speedy trial. Defendant was indicted on 28 July 1986 and his trial began on 27 April 1987. Defendant concedes, however, that sufficient continuances were granted to him to deny him relief under the North Carolina Speedy Trial Act (N.C. Gen. Stat. § 15A-701, *et seq.*). Defendant does not contend that his constitutional rights to a speedy trial were violated. This assignment is overruled.

[1] Defendant next contends that the trial court erred in failing to dismiss or arrest judgment in one of the larceny cases, contending that the larceny of the car keys and the larceny of the car were "substantially" the same offense. We disagree. The evidence was that defendant broke into J & M's building and took a number of car keys, property of value, and then selected a car to

drive away from J & M's lot. This shows two separate acts of larceny, separated in time and space, involving separate property. We cannot accept defendant's argument that under these facts there was but a single transaction showing only one act of larceny. For cases where on similar facts our Supreme Court rejected similar arguments, *see State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984) and *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). This assignment is overruled.

[2] Defendant next contends that the trial court erred in sentencing him as a habitual felon because there was a variance in the indictment and proof at trial as to one of the three prior offenses forming the basis for this charge. The indictment alleged as one of defendant's three prior felonies that he escaped from prison on 28 October 1977. Prior to trial defendant stipulated that this offense actually occurred on 7 October 1977. This was not a fatal variance. Time was not of the essence as to this offense, and defendant's stipulation establishes that he was not surprised by the variance. This assignment is overruled.

No error.

Judges EAGLES and GREENE concur.