STATE v. BULLY RODGERS, PETER LOCKLEAR AND WEALTHY LOWRY.

(Filed 13 December, 1939.)

**1. Burglary § 2—**

Evidence that defendants encountered the owner of a dwelling house immediately outside of the house at nighttime, and marched him into the house at the point of firearms and stole money which was hidden in the house, is sufficient to be submitted to the jury on the charge of second degree burglary, the method of entry being a constructive "breaking." C. S., 4232.

**2. Criminal Law §§ 52a, 52b—**

Defendants' contention that their motion to nonsuit should have been allowed because the only evidence tending to identify them as the perpetrators of the crime charged was the testimony of a witness of little education, slight intelligence and uncertain memory, is properly denied, the credibility of the State's witness being a question for the jury, the competency of the witness not being challenged.

APPEAL by defendants from *Burgwyn, Special Judge,* at May Criminal Term, 1939, of ROBESON.

Criminal prosecution tried upon indictment charging the defendants, in one count, with conspiracy to steal and assault; in a second count, with burglary; in a third count, with murder; and, in a fourth count, with robbery with firearms.

The record discloses that Tom Moore, a man about sixty years of age, lived alone in a farmhouse in Robeson County. Harvey Smith was with him in his home on the night of 11 January, 1939. They left the sitting room about 8:30 p.m. and went out the back door to a pump to get a bucket of water. As they were returning with the water, three

armed men, Bully Rodgers and Peter Locklear each with a pistol and Wealthy Lowry with a shotgun, crawled from under the corner of the house, covered Moore and Smith with their firearms, told them to hold up their hands, marched them around at the point of their guns and into the house where they tortured Moore by burning his feet in the fire and threatening to kill both of them if they did not tell where Moore's money was. They searched the house, found Moore's pocketbook containing $19.00, which they took, and then forced Moore and Smith to go into an old smokehouse in the yard, locked the door and left them there.

It took Moore and Smith about twenty-five minutes to get out of the smokehouse, which they did by prising the door off the hinges. Moore was taken to the hospital and died of pneumonia about ten days later.

Verdict: Guilty of conspiracy as charged in the first count; guilty of burglary in the second degree; guilty of robbery with firearms as charged in the fourth count. Not guilty of burglary in the first degree and not guilty of murder as charged in the third count.

Judgments imposed separately as follows:

1. Wealthy Lowry imprisonment for not less than 5 nor more than 10 years on the first count; not less than 15 nor more than 25 years on the second count; and not less than 10 nor more than 15 years on the fourth count. The last two sentences to run concurrently and to commence at the expiration of the first.

2. Bully Rodgers imprisonment for not less than 5 nor more than 10 years on the first count; not less than 25 nor more than 40 years on the second count; and not less than 15 nor more than 20 years on the fourth count. The last two sentences to run concurrently and to commence at the expiration of the first.

3. Peter Locklear imprisonment for not less than 5 nor more than 10 years on the first count; not less than 40 nor more than 50 years on the second count; and not less than 25 nor more than 30 years on the fourth count. The last two sentences to run concurrently.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*D. M. Stringfield, E. J. Britt, and L. J. Britt for defendants Locklear and Lowry.*

*J. E. Carpenter for defendant Rodgers.*

STACY, C. J. The appeal presents no serious exceptive assignment of error so far as concerns the trial on the first and fourth counts in the bill.

The defendants by their motion to nonsuit on the second count challenge the sufficiency of the evidence to warrant a verdict of burglary in the second degree.   C. S., 4232.   They say there was no "breaking" such as is required in burglary.   *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554.   The evidence was properly submitted to the jury on the theory of a constructive breaking under authority of *S. v. Foster,* 129 N. C., 704, 40 S. E., 209.   There it was said: "We also hold that Alexander's being carried into his sleeping apartment by force, and under the influence of a loaded pistol bearing upon him, was a breaking—a constructive breaking—as we do not understand that the statute of 1889 makes any change in the law as to the mode of breaking."   This fits the present case.   Annotation: 139 Am. St. Rep., 1046; 9 Am. Jur., 243.

The defendants denied any participation in the offenses charged against them, offered evidence tending to show that they were elsewhere at the time of the commission of the crimes, and insisted that as the only evidence tending to identify them as the guilty parties came from Harvey Smith, a witness of little education, slight intelligence and uncertain memory, the motions to nonsuit should be sustained and the indictments dismissed.   The case of *S. v. Whiteside,* 204 N. C., 710, 169 S. E., 711, which dealt with a similar situation, is authority for the court's ruling on the demurrers to the evidence.   The credibility of the State's principal witness was for the twelve.   *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.   His competency to testify was not challenged.

A careful perusal of the record leaves us with the impression that the verdict and judgments should be upheld.

No error.