STATE OF NORTH CAROLINA v. WILLIE LEE EDWARDS

No. 8419SC734

(Filed 2 July 1985)

1. **Burglary and Unlawful Breakings § 5— first degree burglary—constructive breaking—evidence sufficient**

    The trial court did not err by refusing to dismiss a first degree burglary charge where an occupant of a motel room was awakened at 4:00 a.m. by a loud pounding on his door, looked outside and saw no one, stepped outside and saw defendant about twenty-five feet away, was approached by defendant and forced into his room with a pistol in his face, was bound and gagged by two other men, and was robbed of money, jewelry, and other personal property. A constructive breaking may be accomplished by tricking an occupant into opening the door or by threatening the occupant with a deadly weapon. G.S. 14A-51.

2. **Criminal Law § 138— first degree burglary—use of deadly weapon as aggravating factor—error**

    The trial court erred when sentencing defendant for first degree burglary by considering as a factor in aggravation that defendant used a deadly weapon

where the breaking and entering was proved by evidence that defendant pointed a gun at the victim's head and drove him into the motel room and the only felony defendant intended to commit therein was armed robbery. G.S. 15A-1340.4(a)(1).

Judge MARTIN concurring in part and dissenting in part.

APPEAL by defendant from *Helms, Judge*. Judgment entered 27 July 1983 in Superior Court, CABARRUS County. Heard in the Court of Appeals 5 March 1985.

Defendant was convicted of first degree burglary and robbery with a firearm. The State's evidence tended to show that: On 14 April 1983, Michael Gissing, staying in a room at the Holiday Inn in Concord, was awakened at approximately 4 o'clock in the morning by a loud pounding noise on his door. Looking through both the door peephole and the window and seeing no one, he then opened the door, stepped outside, and saw defendant about twenty-five feet away. Defendant approached Gissing, put a pistol in his face, forced him back into his room, and told him to lie face-down on the bed. Two other men then entered the room and bound and gagged Gissing. After the three men removed Gissing's money, jewelry and other personal property from the room and left, Gissing removed the bindings and reported the incident to the police. Carl Mann, a motel security guard, noticed a man near Gissing's room at or near the time of the robbery and described him and a two-tone green car that other evidence showed belonged to the defendant's grandfather and was often used by defendant.

Defendant's evidence tended to show that he was in Charlotte the night involved and did not participate in either crime.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Corriher, Whitley & Busby, by James A. Corriher, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant first argues that the first degree burglary charge should have been dismissed because the State's evidence failed to show a breaking and entering of the dwelling involved. G.S. 14A-51. We disagree. A burglarious breaking and entering can be

constructive, as well as actual. *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979). A constructive breaking may be accomplished in a number of different ways. *State v. Henry*, 31 N.C. 463 (1849). One way is by tricking the occupant into opening the door, *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976), another is by threatening the occupant with a deadly weapon, *State v. Rodgers*, 216 N.C. 572, 5 S.E. 2d 831 (1939), and the evidence tends to show that in this instance the defendant did both.

[2] But defendant's contention that the trial court erred in sentencing him on the first degree burglary conviction by considering as a factor in aggravation that defendant used a deadly weapon is well taken. G.S. 15A-1340.4(a)(1) provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factors in aggravation"; and if the evidence that defendant used a deadly weapon was removed from the record the State would have failed to prove not one but *three* elements of the burglary. That defendant broke into and entered the motel room was proved only by evidence that he pointed a gun at Gissing's head and drove him into the room; and the only felony that defendant intended to commit therein, according to the evidence, was armed robbery. Thus, the judgment imposed on the first degree burglary conviction must be vacated and the matter remanded for re-sentencing on that offense.

Defendant's several other contentions—that the evidence was insufficient to warrant his conviction of robbery with a dangerous weapon; that the trial court erred in admitting into evidence the in-court identification of defendant by Carl Mann; and that he was denied effective assistance of counsel—are all manifestly without merit and require no discussion.

No error in the convictions; remanded for re-sentencing.

Judge WEBB concurs.

Judge MARTIN concurs in part and dissents in part.

Judge MARTIN concurring in part; dissenting in part.

I concur with that portion of the majority opinion which finds no error in defendant's convictions. However, I respectfully dis-

sent from the majority's holding that the trial court's finding that "[t]he defendant was armed with or used a deadly weapon at the time of the offense" was evidence necessary to prove an element of the offense of first degree burglary, and was improperly considered by the trial court as a factor in aggravation of the sentence for that offense. I vote to affirm the sentence.

The indictment charging defendant with first degree burglary charged that defendant broke into and entered the victim's motel room in the nighttime, while it was occupied, with the felonious intent to commit larceny. The trial court instructed the jurors that they must find that defendant intended to commit larceny at the time of the breaking or entering. The use of a deadly weapon is not an element of larceny; evidence of defendant's possession or use of the deadly weapon was not necessary to prove the element, essential for conviction of first degree burglary, of defendant's felonious intent.

The majority further states that defendant's possession or use of the weapon was essential to prove the necessary elements of a breaking and an entry. I disagree. As pointed out in the majority opinion, a breaking may be actual or constructive; a constructive breaking may occur when some trick, such as knocking at the door, is used to induce the occupant to open the door in order for the accused to gain entry. *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). A constructive breaking may also occur when violence, or threat thereof, is employed in order for the accused to gain entry. *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979). The evidence in the case *sub judice* tended to show that the victim was induced to open the door by defendant's pounding on it. After the door was opened, the defendant continued his artifice by holding up a key and telling the victim that he had left his key in the door. While doing so, defendant approached the victim, pushed him, pointed a pistol at him and backed him into the room. The evidence of defendant's possession and use of the firearm, while certainly relevant to show the degree of violence threatened by defendant, was not essential to prove the breaking as there was other evidence of trick (knocking on the door and representing that the victim had left his key in the door) and violence (pushing the victim) sufficient to prove a constructive breaking. Since the element of entry is satisfied by proof of "the least entry with the whole or any part of the body . . . for the

purpose of committing a felony . . .", Black's Law Dictionary 478 (rev. 5th ed. 1979), evidence of defendant's possession or use of a firearm was clearly unnecessary to prove the existence of that evidence.

In my view, the evidence of defendant's possession and use of the firearm at the time of the commission of the first degree burglary was not necessary to prove any element of that offense and was properly considered as an aggravating factor. *See State v. Toomer,* 311 N.C. 183, 316 S.E. 2d 66 (1984) (defendant convicted of first degree burglary, first degree sexual offense and robbery with a firearm; although use of firearm was necessary to prove essential element of joinable offense, possession of the weapon was not essential element of first degree burglary and was properly considered as a factor in aggravation of punishment for that offense); *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983) (defendant convicted of first degree rape, first degree sexual offense and first degree burglary; court properly found possession of weapon as factor in aggravation of the sentence for first degree burglary).

> As long as they are not elements essential to the establishment of the offense . . . all circumstances which are transactionally related to the . . . offense and which are reasonably related to the purposes of sentencing must be considered during sentencing. [Citations omitted.]

*State v. Melton,* 307 N.C. 370, 378, 298 S.E. 2d 673, 679 (1983).