STATE OF NORTH CAROLINA v. ACARA DEMOND GOLDSMITH

No. COA06-1573

(Filed 6 November 2007)

**1. Burglary and Unlawful Breaking or Entering— first-degree burglary—misdemeanor breaking or entering—failure to show intent to commit robbery inside home**

The trial court erred by failing to dismiss the charge of first-degree burglary, and the case is remanded for entry of judgment based upon the verdict of guilty of misdemeanor breaking or entering, because: (1) the State failed to prove that defendant intended to commit a robbery inside the victim's house; (2) defendant's actions were evidence of an intent contrary to committing the robbery inside the dwelling, and instead supported an inference that defendant intended to commit the robbery outside of the home; and (3) there was sufficient evidence to sustain a verdict of misdemeanor breaking or entering when it requires only proof of the wrongful breaking or entering into any building.

**2. Appeal and Error— preservation of issues—failure to object—failure to argue constitutional issues at trial**

Although defendant contends the trial court violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution in an attempted robbery with a dangerous weapon, first-degree burglary, and assault with a deadly weapon with intent to kill inflicting serious injury case by refusing to hear motions, arguments, or offers of proof from defense counsel regarding an outburst by a spectator during the State's closing argument, this argument was not preserved for appellate review, because: (1) defendant never objected to nor made a motion regarding the trial court's refusal; (2) defense counsel never gave a reason to address the court and failed to state the specific constitutional issues he now wishes to address on appeal; and (3) defendant did not make constitutional arguments at trial.

Appeal by defendant from judgment entered 26 May 2006 by Judge A. Moses Massey in Stokes County Superior Court. Heard in the Court of Appeals 22 August 2007.

STATE v. GOLDSMITH

[187 N.C. App. 162 (2007)]

*Attorney General Roy Cooper, by Assistant Attorney General John P. Barkley, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

SMITH, Judge.

Defendant, Acara Demond Goldsmith, appeals a judgment entered upon his convictions for attempted robbery with a dangerous weapon, first degree burglary and assault with a deadly weapon with intent to kill inflicting serious injury. We find no error in part and reverse and remand in part.

Michael Smith testified that on the evening of 9 May 2003, he and defendant were riding around together, under the influence of cocaine, "and just basically decided that we were going to go rob somebody." After Smith mentioned the name Landon Bowman, Smith and defendant agreed to rob Bowman and proceeded to Bowman's home. Smith knew that Bowman was a drug dealer. Smith further testified that he and defendant arrived at Bowman's home between approximately 2:00 and 3:00 a.m. on 10 May 2003 and knocked on Bowman's door. When Bowman came to the door, defendant "grabbed him [Bowman] and pulled him out of his house." Defendant then brandished a gun in order to "intimidate" Bowman, after which defendant and Bowman began struggling over control of the gun. As a result, defendant hit Bowman several times with the gun and repeatedly told Bowman to "[g]ive him your money" or "[g]ive me the dope" or defendant would kill Bowman. Bowman's wife then arrived at the front door with a shotgun, after which Smith and defendant fled.

Bowman testified that he went to sleep at approximately 1:00 a.m. on 10 May 2003, and was awakened by banging on the door to his home. Bowman went to the door and "cracked" it open to see who it was. At first, Bowman did not see defendant, he only saw Smith. As he stood there with the door "cracked just barely open" and talking to Smith, Bowman testified that "somebody reached in and grabbed my shirt, yanked me out on the porch." Bowman testified that the next thing that happened was somebody put a gun to his head. Then, defendant hit him with the gun and stated, "[g]ive me your money or your dope or I'm going to kill you." Soon thereafter, Bowman's wife appeared with a shotgun, distracting Smith and the defendant. Bowman grabbed the gun in defendant's hand and started fighting with Smith and the defendant. During the struggle, Smith threw

Bowman over the porch rail. Bowman and defendant struggled some more, and then Smith and defendant fled. Bowman testified that he suffered a broken nose and a bite on his arm as a result of the altercation.

Defendant testified and offered alibi evidence that he was never at Bowman's house, and had, *inter alia*, his mother and sister testify that defendant was at his house at his birthday party and did not leave the home.

After a jury convicted defendant of attempted robbery with a dangerous weapon, first degree burglary and assault with a deadly weapon with intent to kill inflicting serious injury, the trial court sentenced defendant to a term of 93 to 121 months imprisonment. Defendant appeals.

[1] In defendant's first argument on appeal, he contends the trial court erred by failing to dismiss the charge of first degree burglary because the State failed to present substantial evidence showing that during defendant's breaking and entering of Bowman's dwelling, defendant had the requisite intent to commit armed robbery, as alleged in the indictment. We agree.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996) (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)).

> Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (internal citations and quotation marks omitted), *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002). " 'The rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both.' " *State v. Crouse*, 169 N.C. App. 382,

389, 610 S.E.2d 454, 459 (quoting *State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981)), *disc. rev. denied*, 359 N.C. 637, 616 S.E.2d 923 (2005).

"Burglary is a felony at common law; and a burglar is defined by Lord COKE, 3rd Institute 63, to be 'one that, in the night time, breaketh and entereth into a mansion-house of another, of intent to kill some reasonable creature, or to commit some other felony *within the same*, whether his felonious intent be executed or not.' " *State v. Whit*, 49 N.C. 349, 351-52 (1857) (emphasis added); *see also United States v. Titemore*, 437 F.3d 251, 257 (2d Cir. 2006) ("The common law definition of burglary was the breaking and entering of a mansion-house, at night, with the intent to commit a felony inside.") (citing William Blackstone, 4 Commentaries *224). Therefore, in order for a defendant to be convicted of first degree burglary, the State must present substantial evidence that there was "(i) the breaking (ii) and entering (iii) in the nighttime (iv) into the dwelling house or sleeping apartment (v) of another (vi) which is actually occupied at the time of the offense (vii) with the intent to commit a felony *therein*." *State v. Singletary*, 344 N.C. 95, 101, 472 S.E.2d 895, 899 (1996) (emphasis added) (citations omitted); *see also* N.C. Gen. Stat. § 14-54(a) (felonious breaking or entering, a lesser included offense of first degree burglary, is punished as a Class H felony where there is intent to commit "felony or larceny *therein*.") (emphasis added).

In the case *sub judice*, as to the first two elements, breaking and entering, Smith testified that after Bowman opened his front door, defendant "grabbed [Bowman] and pulled him out of his house." This action constituted a constructive breaking and entering. *See State v. Edwards*, 75 N.C. App. 588, 589-90, 331 S.E.2d 183, 184 (1985) (a constructive burglarious breaking and entering may be accomplished by tricking the occupant into opening the door) (citations omitted). We further note that the evidence is uncontroverted that the charged offense was committed at night; that the dwelling did not belong to defendant; and the subject dwelling was occupied. Thus, the first through sixth elements of the charged offense were proven.

The State was next required to prove that defendant possessed "the intent to commit a felony therein." *Singletary*, 344 N.C. at 101, 472 S.E.2d at 899 (citations omitted). Felonious intent usually cannot be proven by direct evidence, but rather must be inferred from the defendant's " 'acts, conduct, and inferences fairly deducible from all the circumstances[.]' " *State v. Wright*, 127 N.C. App. 592, 597, 492

S.E.2d 365, 368 (1997) (quoting *State v. Accor and State v. Moore*, 227 N.C. 65, 73-74, 175 S.E.2d 583, 589 (1970)), *disc. rev. denied*, 347 N.C. 584, 502 S.E.2d 616 (1998). Furthermore, ". . . in burglary cases, 'when the indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged.' " *State v. Silas*, 360 N.C. 377, 383, 627 S.E.2d 604, 608 (2006) (citation omitted). Therefore, because the State indicted defendant for first degree burglary based upon the felony of armed robbery, the State was required to prove defendant intended to commit armed robbery upon breaking and entering into the Bowman residence.

In the instant case, no evidence was presented that defendant intended to commit a robbery *inside* Bowman's home. Smith testified that he and defendant set out for the victim's house with the agreed upon plan to rob Bowman, whom they believed to be a drug dealer. Smith further testified that "the plan was [to] act like [defendant] was going to trade some cocaine for some marijuana." There was no discussion, however, as to what role each person would play in accomplishing the robbery. [T. p. 85] After Bowman opened the door, defendant reached in and pulled Bowman out of the house, rather than push his way into the home. Defendant's actions are evidence of an intent contrary to committing the robbery inside the dwelling, and instead support an inference that defendant intended to commit the robbery outside of the home. Because there was no evidence from which a jury could infer defendant intended to commit armed robbery inside Bowman's home, we reverse the conviction for first degree burglary.

Although there was insufficient evidence to convict defendant of first degree burglary, we conclude there was sufficient evidence to sustain a verdict of misdemeanor breaking or entering. Misdemeanor breaking and entering requires only proof of the wrongful breaking or entry into any building. N.C. Gen. Stat. §14-54(b). "[B]y finding the defendant guilty of burglary, the jury 'necessarily found facts which would support a conviction of misdemeanor breaking and entering,' where, as here, the evidence of intent to commit a felony is insufficient." *State v. Freeman*, 307 N.C. 445, 451, 298 S.E.2d 376, 380 (1983) (quoting *State v. Dawkins*, 305 N.C. 289, 291 287 S.E.2d 885, 887 (1982)); *see also State v. Cooper*, 288 N.C. 496, 500-01, 219 S.E.2d 45, 48 (1975) (the jury, having found defendant guilty of first degree burglary, necessarily found defendant guilty of breaking and entering a building). Accordingly, we remand for entry of a judgment as upon a verdict of guilty of misdemeanor breaking or entering.

We note that the Pattern Jury Instruction for first degree burglary dated May 2002 does not require the jury to find that the defendant at the time of the breaking and entering intended to commit a felony in the building that was broken and entered. We believe that the Pattern Instruction should include such a requirement.

[2] Defendant next contends that the trial court violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution by refusing to hear motions, argument or offers of proof from defense counsel regarding an outburst by a spectator during the State's closing argument. However, defendant never objected to, nor made a motion regarding the trial court's refusal to allow defense counsel to be heard on the spectator's conduct. Moreover, defense counsel never gave a reason he wished to address the court on behalf of defendant regarding the spectator's actions and failed to state the specific constitutional issues he now wishes this Court to address on appeal. Defense counsel only made the following nebulous request: "I would like to appear on behalf of the defendant at some proceeding." Defendant made no constitutional arguments to the trial court, and as a result he has not preserved these constitutional issues for appellate review. See State v. Cummings, 353 N.C. 281, 292, 543 S.E.2d 849, 856 (2001) ("Constitutional questions that are not raised and passed upon in the trial court will not ordinarily be considered on appeal.") (citations omitted); see also N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").

Finally, we observe that defendant has failed to make any argument in support of assignment of errors 2, 3, 4 and 5. Thus these assignments of error are deemed abandoned. See N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."); State ex rel. Cooper v. NCCS Loans, Inc., 174 N.C. App. 630, 642, 624 S.E.2d 371, 379 (2005).

Since there was insufficient evidence of defendant's intent to commit armed robbery inside the victim's home, defendant's conviction for first degree burglary is reversed and the matter remanded for imposition of a judgment for misdemeanor breaking or entering and resentencing.

No error in part; reversed and remanded in part.

Judges McGEE and STEPHENS concur.