**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4239**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARIO CHESTER TABRON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00400-CCE-1)

Submitted:  November 30, 2018                    Decided:  December 11, 2018

Before FLOYD and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, K.P. Kennedy Gates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Mario Chester Tabron pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Tabron to 51 months' imprisonment, the low end of the advisory Sentencing Guidelines range. Tabron appeals, challenging the procedural reasonableness of his sentence. We affirm.

Tabron argues that the district court erroneously calculated his Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016), for using or possessing a firearm in connection with another felony offense. "[F]ailing to calculate (or improperly calculating) the Guidelines range" is a significant procedural error. Because Tabron raised this claim of procedural sentencing error in the district court, "we review for abuse of discretion" and will reverse upon the finding of abuse "unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Section 2K2.1(b)(6)(B) prescribes a four-level enhancement when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is used in connection with another offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

2

The district court held that Tabron possessed the firearm in connection with the North Carolina felony of attempted breaking or entering with intent to terrorize. In North Carolina, "[a]ny person who breaks or enters any building with intent to terrorize or injure an occupant of the building is guilty of a Class H felony." N.C. Gen. Stat. § 14-54(a1) (2017). North Carolina attempted breaking or entering with intent to terrorize is a Class I felony. N.C. Gen. Stat. § 14-2.5 (2017) (establishing that, generally, attempt to commit "a felony is punishable under the next lower classification as the offense which the offender attempted to commit"); N.C. Gen. Stat. § 15A-1340.17 (2017) (providing minimum and maximum sentences). The breaking element of a breaking or entering offense may be actual or constructive. *State v. Thomas*, 514 S.E.2d 486, 505 (N.C. 1999). "A constructive breaking may be accomplished in a number of different ways, [including by] . . . threatening the occupant with a deadly weapon." *State v. Edwards*, 331 S.E.2d 183, 184 (N.C. Ct. App. 1985). Finally, attempt, under North Carolina law, requires "(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." *State v. Coble*, 527 S.E.2d 45, 46 (N.C. 2000) (internal quotation marks omitted).

"Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence," *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted), that is, the court must find these facts "more likely than not" to be true, *United States v. Kiulin*, 360 F.3d 456, 461 (4th Cir. 2004). Here, the Government presented evidence that Tabron drove his car into the yard of a residence and

3

parked it straddled across the walkway only steps from the front door. A woman called 911, reported that Tabron was banging on the door, expressed fear that he would kick in the door, and stated, "Oh, my God. He's now gone to the car, now getting a gun." (J.A. 66).[*] After listening to the 911 audiotape, the district court concluded that the caller was "quite scared." (J.A. 70). When the officers arrived on the scene, the 911 caller explained that Tabron showed up at the residence angry and caused a commotion, banging on the door and demanding his wallet.

In arguing that the evidence was insufficient to support a finding that he attempted to constructively break or enter the residence, Tabron emphasizes that none of the duplex's residents, including the individual who had called 911, mentioned a gun to the officers who responded to the scene and they stated that Tabron had not threatened them. Notably, though, the occupants did not contradict the 911 caller's statement that Tabron had a gun—they simply did not mention a gun and therefore did not corroborate the 911 caller's account of a gun. Furthermore, when the officers arrived on the scene, Tabron was near his car and had a gun on his person, which was consistent with the caller's statement that Tabron returned to his vehicle and retrieved a gun. And although there were no marks on the door, the 911 caller's remarks during the 911 call reflected her fear that Tabron would kick in the door.

We conclude that a preponderance of the evidence supports the district court's conclusion that Tabron used or possessed the firearm in connection with another felony

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

offense, namely North Carolina constructive breaking or entering with intent to terrorize. Thus, the sentencing court did not commit procedural error by applying the four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*