IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-7

Filed: 17 November 2020

Caldwell County No. 18 CRS 050001

STATE OF NORTH CAROLINA

v.

ZACHARY DALLAS MCDARIS, Defendant.

Appeal by Defendant from judgment entered 6 August 2019 by Judge Daniel A. Kuehnert in Caldwell County Superior Court. Heard in the Court of Appeals 12 August 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Hugh A. Harris, for the State.*

*Mark L. Hayes for defendant-appellant.*

MURPHY, Judge.

The trial court erred in denying a motion to dismiss a first-degree burglary charge when it considered N.C.G.S. § 14-54(a1) as the felony underlying the first-degree burglary charge and the evidence failed to support this theory, which was used as the sole basis for the conviction. We reverse Defendant's conviction and remand for entry of judgment on the lesser included offense of misdemeanor breaking or entering, which was supported by the evidence.

## **BACKGROUND**

At approximately 1:00 a.m. on 1 January 2018, Defendant Zachary Dallas McDaris ("Defendant") woke Roy Ridenhour ("Mr. Ridenhour") and his wife, Cynthia Ridenhour ("Mrs. Ridenhour"), by loudly banging on the front door of their residence in Hickory. Mr. Ridenhour looked out the window and thought a neighbor was at the front door. When Mr. Ridenhour went to the front door and flipped the deadbolt, Defendant violently pushed the front door open. The door struck Mr. Ridenhour and knocked him backwards approximately six feet. After shoving the door open, Defendant entered the house and stated, "I'm your savior. You're going to hell for your sins."

Defendant then began beating Mr. Ridenhour, who shouted for his wife to call the police and grab his pistol. Defendant struck Mr. Ridenhour multiple times, causing him to fall down a flight of stairs and knocking him unconscious. Mr. Ridenhour sustained a laceration to his head, a large knot on the back of his head, and bruises and cuts to his shoulder and back. Mrs. Ridenhour entered the hall, pointed a gun at Defendant, and told him to leave. In response, Defendant exited the house, and Mr. Ridenhour regained consciousness and locked the door. Defendant briefly walked in the front yard but returned and began banging on the front door again. Caldwell County Sheriff's Deputies arrived at the scene and detained Defendant at the front door.

Following these events, Defendant was indicted for first-degree burglary and the lesser included offense of felonious breaking and entering. Defendant's indictment read:

> The jurors for the State upon their oath present that on or about [1 January 2018], in [Caldwell County] [Defendant] unlawfully, willfully and feloniously did during the nighttime hours, break and enter a building actually occupied by Roy Ridenhour and wife, Cynthia Gail Ridenhour, used as a residence located at [Street Address], with the intent to commit a felony or larceny therein. This act was in violation to [first-degree burglary and felonious breaking and entering under N.C.G.S. § 14-54(a)].

At a pretrial hearing on 5 August 2019, Defendant waived his right to a jury trial in accordance with N.C.G.S. § 15A-1201(b), and a bench trial began the following day. After the State presented its evidence, Defendant unsuccessfully moved to dismiss for insufficient evidence. Defendant presented evidence and renewed his motion to dismiss. During both the motion and renewed motion, Defendant argued the State had not presented sufficient evidence of his intent to commit an underlying felony when he entered the Ridenhour house, as required for first-degree burglary. *State v. Singletary*, 344 N.C. 95, 101, 472 S.E.2d 895, 899 (1996).

The trial court denied both the motion to dismiss and renewed motion. During the subsequent charge conference, there was a discussion of potential underlying felonies to satisfy the intent to commit a felony therein requirement of first-degree burglary, including N.C.G.S. § 14-54(a1), assault causing serious bodily injuries, and

- 3 -

attempted murder; however, the trial court's explicit reasoning for denying

Defendant's renewed motion to dismiss was unclear.

In suggesting potential underlying felonies, the State stated:

> The first one I would contend would be [N.C.G.S. § 14-54(a1)]. And I would note when we have the felony of breaking or entering, I would contend that that is a felony that, when the language says a felony or larceny therein, it can be considered. And I would point out to the Court that [N.C.G.S. § 14-54(a1)] is the specific language where it says, if any person who breaks or enters any building with the intent to terrorize or injure an occupant of a building is guilty of a Class H felony. Now, that is a separate or distinct way of violating, breaking or entering a building, because [N.C.G.S. § 14-54(a)], I would argue to the Court, is our more traditional approach. And it says any person who breaks or enters any building with the intent to commit any felony or larceny therein shall be punished as a Class H felony.
>
> . . .
> Now, what else could you consider if this were being argued to the jury? Assault inflicting serious bodily injury. Another felony is attempted murder.

The trial court stated if it were a jury trial it would instruct a jury on, and as

finder of fact it was considering, larceny, attempted murder, and N.C.G.S. § 14-54(a1).[1] However, the trial court, as finder of fact, convicted Defendant of first-degree

burglary solely on the basis of N.C.G.S. § 14-54(a1), stating

> So I have no doubt a jury could have found that . . . [D]efendant entered the house to attempt murder or a larceny or something to that effect, but I think what's

---

[1] The trial court ultimately concluded the assault inflicting serious bodily injury felony "wasn't brought up," and did not consider it.

important to the Court is . . . and from the Court's standpoint -- I'm saying this because if the case does get appealed, . . . I want the appellate court to understand that this Court, sitting as a jury, right or wrong, believed that . . . .

That [] [D]efendant . . . committed first-degree burglary by committing the felony of [N.C.G.S. § 14-54(a1)] when he broke and entered into the building with the intent to terrorize and injure the occupant, because that's what happened. . . .

. . .

So . . . the Court doesn't have any reasonable doubt that [N.C.G.S. § 14-54(a1)] occurred and that [] [D]efendant intended to injure the occupants of the house once he broke in, at a minimum. He certainly terrorized them, and he may have certainly -- I think that statute applies, in other words. So the Court finds [] [D]efendant guilty of first-degree burglary.

Defendant entered written notice of appeal on 9 August 2019. On appeal, Defendant argues the trial court erred in denying his motion to dismiss, as breaking and entering with intent to terrorize cannot be the underlying felony for first-degree burglary.

## ANALYSIS

We review the "trial court's denial of [Defendant's] motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "When ruling on a defendant's motion to dismiss, the trial court must determine whether [the State presented sufficient] evidence (1) of *each essential element* of the offense charged, and (2) that the defendant is the perpetrator of the offense." *Id.* (emphasis added); *see* N.C.G.S. § 15A-1227 (2019). To be sufficient, the State must present "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

"As always, [in our review of a ruling on] a motion to dismiss, we must view the evidence in the light most favorable to the [S]tate and allow the [S]tate every reasonable inference that may arise upon the evidence, regardless of whether it is circumstantial, direct, or both." *State v. Cummings*, 46 N.C. App. 680, 683, 265 S.E.2d 923, 925, *aff'd*, 301 N.C. 374, 271 S.E.2d 277 (1980).

## A. Underlying Felony

Here, Defendant only challenges the sufficiency of the evidence supporting the felonious intent element of first-degree burglary, specifically arguing, *inter alia*, that N.C.G.S. § 14-54(a1) cannot be an underlying felony for first-degree burglary because "grammatically and logically, the initial breaking and entering must be distinct from the crime which a burglar subsequently intends to commit therein." We limit our analysis to the element of felonious intent because Defendant challenges no other element on appeal.

Also, like our Supreme Court did in *State v. Reese* when analyzing a motion to dismiss, we separately analyze the independent theories for the underlying felony element used in Defendant's first-degree burglary jury charge in evaluating whether the trial court erred in denying Defendant's motion to dismiss. *State v. Reese*, 319 N.C. 110, 144-45, 353 S.E.2d 352, 371-72 (1987), *overruled in part on other grounds*

*by State v. Barnes*, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997). However, in determining the acting with the intent to commit therein element of first-degree burglary, the trial court acquitted Defendant of the felonies of attempted murder, assault inflicting serious bodily injury, and larceny when it found beyond a reasonable doubt Defendant had only committed N.C.G.S. § 14-54(a1). *See State v. Smith*, 170 N.C. App 461, 473, 613 S.E.2d 304, 313 (2005), *aff'd as modified by* 360 N.C. 341, 626 S.E.2d 258 (2006) (quoting *Francis v. Franklin*, 471 U.S. 307, 313, 85 L.Ed.2d 344, 352 (1985)) ("The Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'").

Therefore, we examine the sufficiency of the evidence presented at trial supporting the State's theory that Defendant had felonious intent, as required by first-degree burglary, to commit the felony of breaking or entering with intent to terrorize or injure under N.C.G.S. § 14-54(a1) therein. *See State v. Parker*, 54 N.C. App. 522, 525, 284 S.E.2d 132, 134 (1981) ("[The d]efendant first assigns error to the trial court's denial of his motion to dismiss the charges of breaking or entering and larceny. . . . We [] note that no prejudicial error could have been committed by the court's denial of the defendant's motion to dismiss the breaking or entering charges, because [the] defendant was acquitted of these charges. Our sole task under this

assignment of error is then to determine whether the trial court erred in failing to grant the motion to dismiss the larceny charges.").

> [I]n order for a defendant to be convicted of first[-]degree burglary, the State must present substantial evidence that there was '(i) the breaking (ii) and entering (iii) in the nighttime (iv) into the dwelling house or sleeping apartment (v) of another (vi) which is actually occupied at the time of the offense (vii) with the intent to commit a felony *therein*.'

*State v. Goldsmith*, 187 N.C. App. 162, 165, 652 S.E.2d 336, 339 (2007) (quoting *State v. Singletary*, 344 N.C. 95, 101, 472 S.E.2d 895, 899 (1996)); *see* N.C.G.S § 14-51 (2019) ("If the crime be committed in a dwelling house . . . and any person is in the actual occupation of any part of said dwelling house . . . at the time of the commission of such crime, it shall be burglary in the first[-]degree."). "The intent to commit a felony must exist at the time of entry." *State v. Norris*, 65 N.C. App. 336, 338, 309 S.E.2d 507, 509 (1983). "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Baskin*, 190 N.C. App. 102, 109, 660 S.E.2d 566, 572 (2008).

Under N.C.G.S. § 14-54(a1), "[a]ny person who breaks or enters any building with intent to terrorize or injure an occupant of the building is guilty of a Class H felony." N.C.G.S. § 14-54(a1) (2019). In order to evaluate N.C.G.S. § 14-54(a1) as an underlying felony for first-degree burglary, we must read the requirements of N.C.G.S. § 14-54(a1) in conjunction with the relevant elements of first-degree burglary. For N.C.G.S. § 14-54(a1) to satisfy the felonious intent element of first-

degree burglary, a defendant must (1) break and enter a dwelling (2) with the intent to *therein* (3) break or enter a building (4) with the intent to terrorize or injure an occupant. Logically, this result could only occur if a building is encompassed within a dwelling.[2] However, the evidence presented below did not support such an application of N.C.G.S. § 14-54(a1).

Viewing the evidence in the light most favorable to the State, sufficient evidence was not presented to support the inference that Defendant broke and entered the Ridenhours' residence with the intent to *subsequently break or enter another building within the residence* and therein terrorize the Ridenhours. As a result, Defendant's motion to dismiss should have been granted as to N.C.G.S. § 14-54(a1). *See Goldsmith*, 187 N.C. App. at 166, 652 S.E.2d at 340 (holding the defendant's motion to dismiss a charge of first-degree burglary should have been granted where the victim was pulled out of the home and robbed because no evidence was presented that the defendant intended to commit a felony *inside* the victim's home).

The trial court wrongly considered N.C.G.S. § 14-54(a1) to be a supported underlying felony for the first-degree burglary charge. Since the trial court based its conviction of Defendant solely on N.C.G.S. § 14-54(a1) as the underlying felony, which

---

[2] According to N.C.G.S. § 14-54(c), "'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C.G.S. § 14-54(c) (2019).

was unsupported by the evidence, we must reverse Defendant's first-degree burglary

conviction.

## B. Remedy

> When a defendant is indicted for a criminal offense, he may
> be convicted of the charged offense or a lesser included
> offense when the greater offense charged in the bill of
> indictment contains all of the essential elements of the
> lesser, all of which could be proved by proof of the
> allegations in the indictment.

*State v. Weaver*, 306 N.C. 629, 633, 295 S.E.2d 375, 377 (1982), *overruled in part on*

*other grounds by State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993).  Generally,

when vacating a conviction for first-degree burglary on motions to dismiss where the

evidence of felonious intent was insufficient, we find "there was sufficient evidence to

sustain a verdict of [the lesser included offense of] misdemeanor breaking or

entering."  *Goldsmith*, 187 N.C. App. at 166, 652 S.E.2d at 340; *see e.g., State v.*

*Cooper*, 138 N.C. App. 495, 499, 530 S.E.2d 73, 76, *aff'd per curiam,* 353 N.C. 260, 538

S.E.2d 912 (2000); *State v. Dawkins*, 305 N.C. 289, 290-91, 287 S.E.2d 885, 886 (1982).

Such an approach is appropriate here.[3]  In finding Defendant committed first-degree

---

[3] We note that although "[f]elonious breaking or entering, N.C.[G.S. §] 14–54(a), is a lesser included offense of . . . burglary," the elements of felonious breaking and entering are not proven by Defendant's conviction of first-degree burglary. *State v. McCoy*, 79 N.C. App. 273, 275, 339 S.E.2d 419, 421 (1986).  Like first-degree burglary, felonious breaking or entering requires a defendant to break or enter and subsequently intend to commit a felony or larceny therein.  N.C.G.S. § 14-54(a) (2019) ("Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.").  Therefore, the same flaw in applying N.C.G.S. § 14-54(a1) to first-degree burglary is present in any application to felonious breaking or entering and we cannot remand for entry of judgment for felonious breaking or entering.

burglary the trial court, as finder of fact, necessarily found that all elements of misdemeanor breaking or entering were satisfied. *See* N.C.G.S. § 14-54(b) (2019) ("Any person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor."). Therefore, we remand for entry of judgment for misdemeanor breaking or entering and resentencing.

Additionally, although the trial court, as finder of fact, found all the elements of N.C.G.S. § 14-54(a1) to be met, we cannot remand for entry judgment upon this offense. Generally, "where the indictment does sufficiently allege a lesser-included offense, we may remand for sentencing and entry of judgment thereupon." *State v. Bullock*, 154 N.C. App. 234, 245, 574 S.E.2d 17, 24 (2002). *See State v. Nixon*, 263 N.C. App. 676, 680, 823 S.E.2d 689, 692-93 (2019) ("an indictment for one offense may permit a defendant to be lawfully convicted of lesser included offenses"). *See also Goldsmith*, 187 N.C. App. at 166, 652 S.E.2d at 340; *Dawkins*, 305 N.C. at 290-91, 287 S.E.2d at 886; *State v. Jolly*, 297 N.C. 121, 130, 254 S.E.2d 1, 7 (1979) (vacating judgment of first-degree burglary and remanding for entry of judgment on the lesser included offense of second-degree burglary where evidence was insufficient to prove the greater offense). However, where an offense is not a lesser included offense of the offense a defendant was indicted on and convicted of, we cannot remand for entry of judgment on such an offense. *State v. Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986) ("It has long been the law of this State that a defendant must be convicted,

if convicted at all, of the particular offense charged in the warrant or bill of indictment."). N.C.G.S. § 14-54(a1) is not a lesser included offense of first-degree burglary and we cannot remand for entry of judgment on N.C.G.S. § 14-54(a1) based on Defendant's conviction of first-degree burglary.

"As a lesser included offense, 'all of the essential elements of the lesser crime must also be essential elements included in the greater crime.'" *State v. Hinton*, 361 N.C. 207, 210, 639 S.E.2d 437, 439-440 (2007) (quoting *State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 379 (1982)). "[T]wo crimes are separate and distinct only if *both* have a unique element or fact, one not shared with the other. If the elements of either crime are wholly contained in the other, then the two crimes are not distinct, and one is a lesser-included offense of the other." *State v. Edmondson*, 70 N.C. App. 426, 428, 320 S.E.2d 315, 317 (1984). Here, N.C.G.S. § 14-54(a1) and first-degree burglary each require unique elements. Unlike first-degree burglary, N.C.G.S. § 14-54(a1) requires the "intent to terrorize or injure an occupant of the building [broken or entered into]." N.C.G.S. § 14-54(a1) (2019). Unlike N.C.G.S. § 14-54(a1), first-degree burglary requires "(i) the breaking (ii) and entering (iii) in the nighttime (iv) into the dwelling house or sleeping apartment (v) of another (vi) which is actually occupied at the time of the offense (vii) with the intent to commit a felony *therein*." *Singletary*, 344 N.C. at 101, 472 S.E.2d at 899. Each offense has unique elements, which are not encompassed within the other's elements. Therefore, N.C.G.S. § 14-54(a1) is not a

lesser included offense of first-degree burglary and we cannot remand for entry of judgment based on N.C.G.S. § 14-54(a1).

## **CONCLUSION**

In light of the lack of sufficient evidence of first-degree burglary due to the erroneous consideration of N.C.G.S. § 14-54(a1) as the underlying felony, the trial court's ruling on the motion to dismiss the charge of first-degree burglary is reversed. We remand for entry of judgment on misdemeanor breaking or entering under N.C.G.S. § 14-54(b) and a new sentencing hearing.

REVERSED AND REMANDED.

Judge HAMPSON concurs.

Judge YOUNG concurs in result only.